J-S61025-14

2014 PA Super 246

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAQUES MANTEL HARDEN | |
| Appellant | No. 421 WDA 2014 |

Appeal from the Judgment of Sentence of February 12, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-SA-0001726-2013

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and STRASSBURGER, J.[*]

OPINION BY WECHT, J.:                     **FILED OCTOBER 27, 2014**

Jaques Mantel Harden appeals his February 12, 2014 judgment of sentence, which was imposed following a summary appeal hearing that resulted in the affirmance of Harden's conviction for driving while his operating privileges were suspended or revoked.[1]  Harden's counsel has filed with this Court a petition to withdraw as counsel, together with an "***Anders***" brief.[2]  We grant counsel's petition to withdraw, and we affirm Harden's judgment of sentence.

---

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     75 Pa.C.S. § 1543(b)(1).

[2]     ***See Anders v. California***, 386 U.S. 738 (1967).

On May 20, 2011, after being pulled over for a suspected DUI, Harden was cited for a violation of 75 Pa.C.S. § 1547 because he refused to submit to a chemical test. Pursuant to that violation, Harden was to receive a license suspension of one year. Because Harden's license was suspended already due to previous Motor Vehicle Code violations, the suspension relating to the violation of section 1547 did not become effective until July 29, 2013.

On July 15, 2013, Harden was cited for driving while his operating privileges were suspended or revoked, in violation of 75 Pa.C.S. § 1543(b)(1). On July 23, 2013, Harden proceeded to a hearing before a magisterial district judge, after which he was found guilty of subsection 1543(b)(1) and of summary disorderly conduct. On the same date, Harden filed a summary appeal. Because Harden was detained for a probation violation, he failed to appear for his summary appeal hearing, and the trial court found him guilty *in absentia*. On December 19, 2013, Harden filed a petition to vacate his sentence and for a new trial. On December 24, 2013, the trial court granted the petition and scheduled a new summary appeal hearing for February 12, 2014.

The Commonwealth's sole witness at the summary appeal hearing was Devin McGee, the police officer who cited Harden for violating subsection 1543(b)(1). Officer McGee testified that he encountered Harden during a traffic stop. Notes of Testimony ("N.T."), 2/12/2014, at 4. Officer McGee testified that he observed Harden driving the vehicle, and that when he

checked Harden's driving record subsequent to the traffic stop, the status of the driving record was "suspended DUI related." *Id.* at 4. On cross-examination, Officer McGee testified that he initiated the traffic stop because the vehicle had a broken tail light. *Id.* at 6. Defense counsel questioned Officer McGee about Harden's action after being asked to produce identification. In response, Officer McGee explained that Harden provided no photo identification, but rather gave a "false identification." *Id.* at 7. Defense counsel objected to the latter statement, but the trial court neither sustained nor overruled the objection. The trial court asked Officer McGee what sort of identification Harden gave to him, and Officer McGee clarified that Harden provided him only a name and date of birth. Officer McGee then testified that he was able to identify Harden from the photo that he obtained on the scene from the computer in his police cruiser, and that Harden admitted that the name on the photo was his name. *Id.* at 8. After being prompted by defense counsel, Officer McGee identified Harden in court as the individual that he encountered during the traffic stop and recognized in the photo.

Defense counsel called Harden as a witness and asked him two questions. *Id.* at 9. Defense counsel asked if Harden remembered the traffic stop, to which Harden responded in the affirmative. Defense counsel then asked Harden if he was operating the vehicle at the time. Harden responded in the affirmative.

The Commonwealth admitted Harden's driving record into evidence without objection. *Id.* at 6. No party ever addressed whether Harden received actual notice of his license suspension during the hearing, but his driving record indicated that the Department of Transportation mailed the official notice of suspension on June 16, 2011.

Following the summary appeal hearing, Harden was found guilty of 75 Pa.C.S. § 1543(b)(1). Harden was sentenced to sixty days' incarceration and a fine of five hundred dollars plus court costs. On March 12, 2014, Harden filed a notice of appeal. On March 18, 2014, the trial court directed Harden to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), to be served on the court no later than April 8, 2014. Harden filed a timely concise statement on April 8, 2014. On April 30, 2014, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a). Having determined that an appeal would be frivolous, Harden's counsel filed with this Court a petition to withdraw as counsel, together with an *Anders* brief, on July 10, 2014.

Before addressing the merits of the underlying issue that Harden presents for our review, we first must pass upon counsel's petition to withdraw as counsel. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). The brief must:

- 4 -

(1)   provide a summary of the procedural history and facts, with citations to the record;

(2)   refer to anything in the record that counsel believes arguably supports the appeal;

(3)   set forth counsel's conclusion that the appeal is frivolous; and

(4)   state counsel's reasons for concluding that the appeal is frivolous.  Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.  Counsel also must provide a copy of the *Anders* brief to the appellant.  Attending the brief must be a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief."  *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007); *see Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010); *Commonwealth v. Millisock*, 873 A.2d 748, 751-52 (Pa. Super. 2005).

Our review of counsel's petition to withdraw and the accompanying brief reveals that counsel substantially has complied with the *Santiago* procedural requirements.  Counsel has provided a factual and procedural history detailing the events relevant to the instant appeal in her brief, along with appropriate citations.  Brief for Harden at 6-8.  Harden identified one claim to counsel that he wanted to raise on appeal:  a challenge to the sufficiency of the evidence.  *Id.* at 5.  Counsel addresses the applicable facts

and principles of law, ultimately concluding that this claim would be frivolous. *Id.* at 12-15. In her petition to withdraw as counsel filed with this Court, counsel again certified that she "is constrained to conclude that there are no non-frivolous issues to raise on appeal." *See* Petition to Withdraw as Counsel, 7/10/2014, ¶9. Counsel has identified one additional issue that could arguably support Harden's claim on appeal—the minimal evidence demonstrating Harden's notice of the suspension—but ultimately determined that a claim advanced on this basis would be frivolous. Brief for Harden at 12-14.

Additionally, in accordance with *Nischan*, counsel has sent Harden a copy of the *Anders* brief and a letter informing him that he has the right to hire a new attorney, to proceed with an appeal on his own, and to raise any additional points that he thinks are worthy of this Court's attention. Letter, 7/10/2014. Counsel also explains to Harden her conclusion that an appeal would be frivolous. Accordingly, counsel substantially has complied with the requirements set forth in *Nischan*, 928 A.2d at 353. *See also Millisock*, 873 A.2d at 751-52.

We now must conduct an independent review of the record to determine whether the issues identified by Harden in this appeal are, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case. *Santiago*, 978 A.2d at 354 (quoting *Anders*, 386 U.S. at 744) ("[T]he court – not counsel – then proceeds, after a full examination

- 6 -

of all the proceedings, to decide whether the case is wholly frivolous. If it so finds, it may grant counsel's request to withdraw.").

We begin with Harden's challenge to the sufficiency of the evidence. When reviewing challenges to the sufficiency of the evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Phillips*, 93 A.3d 847, 856 (Pa. Super. 2014) (citations omitted; bracketed material in original). Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence. *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000).

Harden was convicted of driving while his operating privileges were suspended or revoked. That crime is defined as follows:

> A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, **because of a violation of section 1547(b)(1) (relating to suspension for refusal)** or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S. § 1543(b)(1) (emphasis added).

In support of his challenge to the sufficiency of the evidence, Harden offers several facts. First, Harden argues that the evidence was not sufficient because he had not been convicted of a DUI offense until September of 2013. Brief for Harden at 10. Presumably, Harden takes issue with the characterization of his license suspension as "DUI related," because he had not been convicted of an offense under 75 Pa.C.S. § 3802 at the time of the instant violation. As the plain text of the statute provides, however, a suspension for refusal to submit to a chemical test is a suspension that will satisfy the requirements of subsection 1543(b)(1).

Second, Harden asserts in his concise statement that the evidence was insufficient to support his conviction because his suspension for the refusal to submit to a chemical test did not become effective until July 29, 2013,

and because his citation occurred on July 15, 2013, he was not driving under that specific suspension. However, Harden's license was suspended for prior violations at the time of the traffic stop. In fact, the prior suspensions were the reason that the suspension at issue did not become effective for more than two years after the underlying offense.

The courts of Pennsylvania have addressed the precise argument that Harden raises concerning the timing of his suspensions, and have determined that a prior suspension unrelated to DUI offenses does not preclude the application of subsection 1543(b)(1) where a defendant has received notice that a DUI-related suspension is pending. In *Commonwealth v. Nuno*, this Court concluded:

> We hold that when a person receives notice that their [*sic*] operating privilege is **or will be** suspended or revoked for a D.U.I. related offense, that person is subject to the penalties of § 1543(b). That person will be subject to the penalties of § 1543(b) **throughout any current suspension** or revocation and any subsequent suspensions or revocations until the end of their D.U.I. related suspension or revocation.

*Commonwealth v. Nuno*, 559 A.2d 949, 951 (Pa. Super. 1989) (emphasis added). Our Supreme Court considered several cases arising from similar factual scenarios in *Commonwealth v. Jenner*, 681 A.2d 1266 (Pa. 1996). There, the Court held that, once a driver is notified of a DUI-related suspension, "he is subject to the enhanced sentencing provisions of § 1543(b) **for the duration of any prior periods of suspension** or revocation until the completion of the DUI-related suspension." *Jenner*,

681 A.2d at 1273-74 (emphasis added). Because Harden's argument concerning the timing of his suspensions is not supported by the law of our Commonwealth, that argument is frivolous.

Our own review of the record reveals that there is one issue that, while ultimately frivolous, is worthy of discussion. As noted, above, counsel recognized that no party ever addressed whether Harden actually received notice of his license suspension during the summary appeal hearing. The sole evidence of notice produced by the Commonwealth consisted of Harden's driving record, which listed the date when the Department of Transportation mailed the official notice. Brief for Harden at 12-14.

In *Commonwealth v. Kane*, 333 A.2d 925, 927 (Pa. 1975), our Supreme Court held that it is necessary for the Commonwealth to prove that the defendant had actual notice of a suspension in order to sustain a conviction of driving while under suspension. As this Court described the requirement in *Commonwealth v. Crockford*, 660 A.2d 1326, 1329 (Pa. Super. 1995), actual notice is "a judicially created element, designed to protect a defendant's due process rights."

The Supreme Court's decision in *Kane* is particularly relevant to the instant case. In *Kane*, the Court determined that the evidence offered to prove actual notice was insufficient where the only evidence of actual notice was a notice of suspension that was mailed to the defendant. *Kane*, 333 A.2d at 927. "Mailed letters do go astray for a variety of reasons. Criminal conviction requires proof beyond a reasonable doubt and that standard is not

- 10 -

satisfied when one of the elements which must be proven is actual notice, and the only evidence presented is that a notice was mailed." ***Id.*** As this Court has held, however, "[w]hen notice is mailed to the appellant and additional evidence exists indicating that appellant received notice of suspension, then the evidence can be sufficient to prove actual notice." ***Commonwealth v. Gray***, 514 A.2d 621, 622 (Pa. Super. 1986) (*citing* ***Commonwealth v. Burkett***, 445 A.2d 1304 (Pa. Super. 1982)).

Since the rule in ***Kane*** was announced, this Court has found numerous factors that, in conjunction with evidence that a notice was mailed, satisfy the element of actual notice. In ***Gray***, 514 A.2d at 622-23, we found actual notice where a notice of the suspension was mailed, the appellant had surrendered his license to the Bureau of Traffic Safety, and did not produce a license when stopped by the police. In ***Commonwealth v. Burkett***, 445 A.2d 1304, 1305 (Pa. Super. 1982), we found actual notice where the notice was mailed, the appellant returned his license to the Bureau of Traffic Safety and, when stopped by the police, the appellant attempted to switch seats with a passenger. In ***Commonwealth v. Horney***, 529 A.2d 18, 20 (Pa. Super. 1987), we found actual notice where the notice was mailed and the appellant admitted that he had received an earlier letter at the same address. In ***Commonwealth v. Dietz***, 621 A.2d 160, 162 (Pa. Super. 1993), we found actual notice where, in addition to evidence that the notice was mailed, the appellant had a history of license suspensions, fled the scene of an accident, misled investigators, and failed to produce a driver's

license. The Court held that "a defendant's failure to possess a current license is presumptive knowledge of suspension." *Id.* at 162-63.

Our Supreme Court addressed the issue of actual notice in license suspension cases most recently in *Commonwealth v. Zimmick*, 653 A.2d 1217 (Pa. 1995). In *Zimmick*, the Court, citing *Dietz*, provided a non-exhaustive list of factors which may be considered in determining if an individual accused of violating subsection 1543(b)(1) has actual notice of license suspension.

> Factors that a finder of fact may consider in determining circumstantially or directly whether a defendant had actual notice of his or her suspension include, but are not limited to, evidence that the defendant was verbally or in writing apprised of the license suspension during the trial or a plea, statements by the accused indicating knowledge that he or she was driving during the period in which his or her license had been suspended, evidence that PennDOT sent by mail the notice of the suspension to appellant's current address, evidence that PennDOT's notice of suspension was not returned as undeliverable, attempts by the accused to avoid detection or a citation, and any other conduct demonstrating circumstantially or directly appellant's knowledge of the suspension or awareness of guilt. *See, e.g., Commonwealth v. Dietz*, 621 A.2d 160, 162 (Pa. Super. 1993) (driver's flight from crash site and misleading conduct demonstrated that driver knew he was not permitted to drive; driver's failure to produce a driver's license is presumptive knowledge of suspension).

*Zimmick*, 653 A.2d at 1221 (citation modified). In *Crockford*, we summarized the applicable standard as: "The Commonwealth is required to establish actual notice which may take the form of a collection of facts and

- 12 -

circumstances that allow the fact finder to infer that a defendant has knowledge of suspension." *Crockford*, 660 A.2d at 1330-31.

In the instant case, no party at Harden's summary appeal hearing specifically addressed the essential element of actual notice of suspension. The Commonwealth presented only one piece of evidence regarding notice— Harden's driving record, which merely states that a notice of suspension was mailed to some address. The Commonwealth made no attempt to demonstrate that Harden lived at the address, that he regularly received mail at the address, that the mail was not returned as undeliverable, or any other fact which would support an inference that Harden received the notice. *Kane* and its progeny instruct that evidence that a notice of suspension was mailed is not sufficient, standing alone, to sustain a conviction for driving with a suspended license. *Kane*, 333 A.2d at 927. Some other factor, or "collection of facts and circumstances" that allow an inference of knowledge is required in addition to evidence of the mailing. *Crockford*, 660 A.2d at 1330-31.

As defense counsel at the summary appeal hearing noted, the Commonwealth's examination of the sole witness was rather "perfunctory." N.T. at 6. The result of this meager production of evidence is that the Commonwealth arguably failed to present sufficient evidence of an essential element of the crime. That is not to say, however, that no facts or circumstances existed which would permit an inference of Harden's knowledge of his suspension. The information that defense counsel elicited

- 13 -

on cross-examination established that Harden failed to provide photo identification to Officer McGee during the traffic stop. Under *Dietz* and *Crockford*, that fact, in conjunction with evidence that notice was mailed, is sufficient to permit the inference of knowledge. *See Dietz*, 621 A.2d at 162-63; *Crockford*, 660 A.2d at 1335. The result of defense counsel's objection to Officer McGee's statement that Harden provided him "false identification" is unclear from the notes of testimony, but if that statement is to be considered competent evidence, then it would support an inference of knowledge as well. Lastly, Harden's history of suspensions for previous violations, as detailed in his driving record, also supports an inference of knowledge.

Our standard in reviewing the sufficiency of the evidence requires us to view **all the evidence** admitted at trial in the light most favorable to the Commonwealth. *Phillips*, 93 A.3d at 856 (emphasis added). Further, we must "accept as true all evidence and all reasonable inferences therefrom upon which, if believed, the fact finder properly could have based its verdict." *Commonwealth v. Orie*, 88 A.3d 983, 1013-14 (Pa. Super. 2014) (citations omitted). Thus, although the Commonwealth, itself, may not have presented sufficient evidence of Harden's actual notice of his license suspension, defense counsel's cross-examination provided enough additional information such that the record contains a "collection of facts and circumstances" that allow an inference of actual notice. *Crockford*, 660 A.2d at 1330-31.

Even if we were not to consider the testimony regarding "false identification" to which defense counsel objected, the evidence of record still demonstrates that the notice of suspension was mailed, that Harden had a long history of license suspensions, and that Harden failed to present a driver's license during the traffic stop. *See Dietz*, 621 A.2d at 162-63. These facts are sufficient to permit a reasonable inference, upon which the trial court properly could have based its verdict, that Harden had knowledge of his license suspension. A challenge to the sufficiency of the evidence based upon the Commonwealth's failure to prove the element of actual notice, therefore, would ultimately be frivolous. We have discovered no other issues of arguable merit that would sustain an appeal in this case.

Judgment of sentence affirmed. Counsel's motion to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/27/2014