**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN JAMES CHAPMAN | |
| Appellant | No. 921 WDA 2014 |

Appeal from the Judgment of Sentence May 9, 2014
In the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-SA-0000037-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and OLSON, J.

JUDGMENT ORDER BY PANELLA, J.　　　　　**FILED FEBRUARY 4, 2015**

The trial court convicted Appellant, Stephen James Chapman, of the summary offense of driving while operating privilege is suspended, DUI related. **See** 75 Pa.C.S.A. § 7543(b)(1). Chapman does not dispute that his driver's license was suspended at the time of the incident. On appeal, Chapman simply maintains that the Commonwealth presented insufficient evidence to sustain the conviction as "there was no direct evidence that [he] operated the vehicle in question."[1] Appellant's Brief, at 3.

The Commonwealth need not produce direct evidence that Chapman operated the vehicle, "but may instead rely on circumstantial evidence

---

[1] For our standard of review, **see Commonwealth v. Harden**, 103 A.3d 107, 111 (Pa. Super. 2014).

creating the inference that the vehicle had been in motion in order to meet its evidentiary burden." ***Commonwealth v. Herb***, 852 A.2d 356, 361 (Pa. Super. 2004) (citation omitted).

Here, Trooper John Michalak testified that he observed a parked minivan situated partially in the lane of travel. There was no one in the minivan. The only person in the vicinity was a man, later identified as Chapman, across the road using a cell phone. Chapman informed the trooper that *he had been driving* a group of Amish home and that the vehicle broke down. ***See*** N.T., Summary Appeal Hearing, 5/9/14, at 7-8, 11. The passengers were no longer there as someone else came and picked them up.

Chapman's argument centers on the fact that Trooper Michalak did not observe him driving the minivan firsthand. But he did not need to. There is an abundance of circumstantial evidence that Chapman was the driver: Chapman admitted to the trooper that he was the driver of the vehicle; there were no other people present on the rural stretch of road; and the vehicle was left partially in the lane of travel. The trial court credited Trooper Michalak's testimony. ***See*** Trial Court Opinion, 7/14/14, at 3.

The Commonwealth presented sufficient evidence to sustain the conviction.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/4/2015</u>