**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PAUL FAVERS, | |
| Appellant | No. 1227 WDA 2014 |

Appeal from the Judgment of Sentence of July 16, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0000168-2014

BEFORE: FORD ELLIOTT, P.J.E., PANELLA AND OLSON, JJ.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 19, 2015**

Appellant, Paul Favers, appeals from the judgment of sentence entered on July 16, 2014, following his jury trial convictions for possession of a controlled substance (PWID) and possession of a controlled substance by a person not registered.[1] Upon review, we affirm.

The trial court aptly summarized the facts of this case as follows:

> On November 26, 2013, the Connellsville Police Department ("CPD") received a specific tip concerning a vehicle that was transporting a large amount of heroin through the City of Connellsville. Officers Bryan Kendi and Ryan Reese, both of the CPD, took up a position in a marked patrol car at the intersection of York Avenue and SR 119. Around 9:00 p.m., the vehicle described by the tip was seen heading south on SR 119. At that time, the officers also noticed the driver of the vehicle, Todd Favers,

---

[1] 35 P.S. §§ 780-113(a)(30) and 780-113(a)(16), respectively.

Appellant's brother, whom they knew to have a suspended license.

Following a routine traffic stop, the officers approached both sides of the vehicle. Officer Kendi informed Todd Favers that he was not to be driving and immediately took him into custody. Both [o]fficers then observed Appellant in the passenger seat, making a motion as though pushing something toward the center console of the vehicle. In particular, Officer Reese, who was positioned outside the passenger side of the vehicle, could see Appellant's hands entering and exiting his pockets and then pushing toward a blue plastic shopping bag underneath the center console.

Concerned that Appellant might possess a weapon, Officer Reese instructed Appellant several times to stop placing his hands into his pockets. In response, Appellant became increasingly agitated, began cursing and questioning the officers' right to pull over the vehicle. When the officers removed Appellant from the vehicle, both testified to noticing a stamp bag of heroin protruding from the same blue bag to which Appellant had previously directed his hands.

The officers detained Appellant and Todd Favers and the vehicle was moved to the CPD. Prior to the blue bag being removed, the CPD sent in a canine unit to search for narcotics. The Canine Handler, Detective Jason Hayes, testified that his K-9 alerted only in the passenger side of the vehicle and upon the blue bag under the center console. At that point, the officers decided to remove the blue bag. Inside, they found three-hundred forty-two (342) individually stamped bags[, that later tested positive,] of heroin, with a street value of approximately eight thousand ($8,000[.00]) dollars.

Trial Court Opinion, 9/2/2014, at 2-3 (record citations and footnote omitted).

The Commonwealth charged Appellant with the aforementioned offenses. A two-day jury trial commenced on July 9, 2014. At the

conclusion of trial, the jury convicted Appellant of both crimes. On July 16, 2014, the trial court sentenced Appellant to an aggregate term of three to nine years of imprisonment. This timely appeal followed.[2]

On appeal, Appellant presents the following issues[3] for our review:

1. Did the [trial] court err in denying Appellant's omnibus pre-trial motion to suppress the evidence in that [] Appellant was specifically targeted?

2. Did the Commonwealth fail to prove that [] Appellant ever possessed the controlled substance in the vehicle?

3. Did the [trial] court err in denying Appellant the right to call a witness that would have testified that the driver of the vehicle had sold the witness drugs on a prior occasion?

Appellant's Brief at 7 (complete capitalization omitted).

In his first issue presented, Appellant claims that the trial court erred in failing to grant relief on his request to suppress evidence as set forth in his omnibus pre-trial motion. *Id.* at 10. He claims that he "was specifically targeted, and that the officers had no basis to stop the vehicle." *Id.* at 11. Appellant points to alleged inconsistencies in the investigating officers'

_____

[2] Appellant filed a notice of appeal on July 28, 2014. On July 29, 2014, the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied on July 31, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 2, 2014.

[3] We have reordered Appellant's issues for ease of discussion.

testimony to support his claim. *Id.* at 10-11. More specifically, Appellant argues:

> At the time of the omnibus hearing the officers both identified [] [A]ppellant as the operator of the vehicle, but later identified the operator of the vehicle as Todd Favers[, Appellant's brother]. Based upon this misidentification which became clear at the time of trial, it is obvious that there was not probable cause to stop the vehicle as [one of the investigating officers] testified that there were no traffic violations that would have caused initiation of the stop. It seems clear that [] [A]ppellant was specifically targeted, and that the officers had no valid basis to stop the vehicle.

*Id.* at 11.

Initially, we note that Appellant failed to support this issue with citation to legal authority and, therefore, has waived the issue. *See Commonwealth v. Knox*, 50 A.3d 732, 748 (Pa. Super. 2012); *see also* Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued […] followed by such discussion and citation of authorities as are deemed pertinent.").

Regardless, the issue is without merit. "Our standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. McAdoo*, 46 A.3d 781, 783 (Pa. Super. 2012). "[T]he reviewing court may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains

uncontradicted when read in the context of the of the entire record."
***Commonwealth v. Lagenella***, 83 A.3d 94, 98 (Pa. 2013)

A police officer has the authority to stop a vehicle when he or she has reasonable suspicion that a violation of the motor vehicle code has taken place, for the purpose of obtaining necessary information to enforce the provisions of the code. ***Commonwealth v. Brown***, 64 A.3d 1101, 1105 (Pa. 2013), *citing* 75 Pa.C.S.A. § 6308(b). "However, if the violation is such that it requires no additional investigation, the officer must have probable cause to initiate the stop." ***Id.*** (citation omitted; original emphasis omitted).

Upon review of the testimony from the suppression hearing, both officers testified that they stopped the vehicle at issue because they recognized the driver, Appellant's brother, and knew he was driving without a license. N.T., 4/14/14, at 6, 19. Although, at the suppression hearing, both officers identified the driver as "Paul Favers," they also unequivocally identified Appellant at the suppression hearing, who was not known to police at the time of the stop, as the passenger. ***Id.*** at 6-7, 19; 8-10, 20-23. Certainly, Appellant could not have been both the driver and the passenger of the car and the suppression court was permitted to make factual determinations. Here, the suppression court determined that the police "stated that they identified the driver of the vehicle as [the individual] that they knew had a suspended license." ***Id.*** at 30. Viewing the evidence from the suppression hearing in the light most favorable to the Commonwealth, we discern no error in the trial court's determination that police had probable

cause to believe that a motor vehicle code violation had transpired prior to stopping the vehicle.[4] Finally, we note, in support of his third appellate issue as discussed **infra**, Appellant tangentially concedes that "a potential witness [would have testified that he..] had purchased heroin […] **from the driver** of the vehicle, **Todd Favers**." *Id.* at 13 (emphasis added). Thus, for all of the foregoing reasons, Appellant's first claim fails.

In the next issue for our review, Appellant claims the Commonwealth rested its entire case against him on constructive possession. Appellant's Brief at 15. Appellant then argues, "[i]t is undisputed that there were in fact two occupants of the vehicle at the time of the stop, and that the heroin was found in the center console area between both occupants inside the vehicle." *Id.* He claims the trial court erred by focusing on evidence of Appellant's movements at the time of the stop and there was no evidence that he ever handled the bag containing the heroin or he "was more than just the passenger in the vehicle." *Id.* at 15-16.

When reviewing challenges to the sufficiency of the evidence, our standard of review is as follows:

_____

[4] We also note that Officer Bryan Kendi testified at trial that he "recognized the driver" as "Todd Favers." N.T., 7/9/2014, at 31-33, 55. He further stated that he misspoke at the suppression hearing when he said it was Appellant driving the vehicle. *Id.* at 56. Moreover, Officer Ryan Reese identified Appellant in court as the passenger. *Id.* at 114. Appellant testified in his own defense at trial and likewise stated he was a passenger in his sister-in-law's car and his brother was driving at the time of the police stop. *Id.* at 134-135.

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) (citations and brackets omitted). "Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence." *Id.* (citation omitted).

As Appellant was not in physical possession of the contraband, the Commonwealth was required to establish that he had constructive possession of the seized items to support his convictions:

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined

conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

Additionally, it is possible for two people to have joint constructive possession of an item of contraband.

***Commonwealth v. Kinard***, 95 A.3d 279, 292 (Pa. Super. 2014) (citations omitted).

In this case, viewing the totality of the circumstances, the trial court determined the Commonwealth established Appellant's constructive possession, based upon the following facts:

The totality of the following circumstances in this case support the jury's conclusion that Appellant possessed the heroin to deliver the same: (1) the substantial volume of the heroin; (2) the officer's observation of Appellant repeatedly placing and removing his hands into his pockets and then pushing toward [that part of] the vehicle where the heroin was found; (3) Appellant's demeanor; (4) that the K-9 [narcotics canine] alerted **only** upon Appellant's side of the vehicle; and (5) the readily apparent presence of both the bag and the heroin when Appellant exited the vehicle, which conflicts with his earlier testimony that he saw neither.

Trial Court Opinion, 9/2/2014, at 8-9 (emphasis in original).

Upon review, we agree. First, and foremost, Appellant fails to address the fact that two people may be in joint constructive possession of narcotics. Therefore, the mere fact that there were two occupants of the car simply does not support Appellant's claim. Moreover, the facts presented showed that Appellant exercised a conscious dominion over the narcotics.

Officer Kendi testified that, after stopping the vehicle, he observed Appellant "making a pushing motion away from his body towards the center of the vehicle" with his left hand. N.T., 7/9/2014, at 33-34. Officer Kendi testified that Appellant "appeared to be pushing an object underneath […] an armrest that would move up and down." *Id.* at 35. Officer Kendi stated Appellant's demeanor was extremely agitated and his voice was boisterous. *Id.* at 35. Appellant started yelling and questioning the police as to why they stopped the vehicle and why he had to get out. *Id.* at 36. When Appellant exited the vehicle, Officer Kendi saw a translucent, blue shopping bag protruding from underneath the center armrest and "immediately recognized at least one stamp bag [of heroin] in it.[]" *Id.* at 36-37. From outside the vehicle, Officer Kendi took a photograph of the bag as he found it and the Commonwealth presented the photograph at trial and it was circulated to the jury. *Id.* at 37-43. Moreover, Officer Kendi testified that he summoned a canine unit to the scene and a drug-sniffing dog alerted police "[t]o the passenger door of the vehicle as well as the passenger compartment of the front part of the vehicle." *Id.* at 45. The police officer with the canine unit testified similarly. *Id.* at 89-91.

Officer Reese testified that upon approaching the vehicle, Appellant "kept pushing a blue plastic bag underneath the center console and placing his hand in his front pocket." *Id.* at 114. Officer Reese told him to stop "three or four times" while Appellant "became more agitated, [saying,] you have no right to stop us, why'd you stop us, why'd you pull us over, this is

bullshit[.]" *Id.* at 114-115. When Appellant exited the vehicle, Officer Reese could see the blue plastic bag and could see through the bag, what he described as a "readily apparent" bundle of heroin. *Id.* at 116. He also testified that the drug dog "sat down on the passenger side and then when the door was opened he went and sat on the center console." *Id.* at 118.

In totality, the Commonwealth presented substantial evidence to rebut Appellant's claim that he was a mere passenger in the vehicle and unaware that narcotics were present. Police saw Appellant making pushing motions toward the center console of the vehicle. Appellant acted belligerently when the police stopped the vehicle and asked him to exit. Further, the investigating officers were able to see the blue plastic bag in plain view and discerned that drugs were inside. Moreover, police utilized a narcotics canine and the dog only alerted police to the presence of drugs on the passenger side of the vehicle. Taken together, the facts show that the narcotics were known to Appellant and under his control while in the vehicle. Hence, we conclude that there was sufficient evidence that Appellant constructively possessed the heroin with the intent to deliver it.

Lastly, Appellant claims the trial court erred in precluding him from calling a witness at trial. Appellant's Brief at 13. More specifically, he claims that "he had encountered a potential witness[, named Robert Nicholson,] during his incarceration, that had purchased heroin on a prior occasion near the time of [A]ppellant's arrest from the driver of the vehicle, Todd Favers." *Id.* Thus, Appellant contends that such evidence would have shown "that

Todd Favers was the actual possessor of the controlled substance and not []

[A]ppellant." *Id.* at 14.

> We review Appellant's claim under the following standard:

> In reviewing a trial court's ruling on the admissibility of evidence, our standard of review is one of deference. It is firmly established, [that] questions concerning the admissibility of evidence lie within the sound discretion of the trial court, and a reviewing court will not reverse the court's decision on such a question absent a clear abuse of discretion. An abuse of discretion requires:

>> not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Hunzer*, 868 A.2d 498, 510 (Pa. Super. 2005) (internal

citations, quotations and brackets omitted).

Here, in deciding to preclude the proffered witness, the trial court

relied upon our Supreme Court's decision in *Commonwealth v. Baez*, 720

A.2d 711 (Pa. 1998) wherein the Court stated:

> A trial judge should take care that nothing relevant is excluded, so long as its admission will not unduly distract the attention of the jury from its main inquiry. A trial judge must determine whether evidence which, though logically relevant on the ultimate issue, may nevertheless be excluded because its general effect on the trial will be to confuse the jury by distracting its attention away from the jury's primary concern to the collateral issues. Because of the often difficult nature of this task, the judge's conclusion or decision on such points will not be interfered with on appeal save for abuse of discretion.

*Commonwealth v. Baez*, 720 A.2d at 724 (internal citation omitted).

- 11 -

In assessing the proffered witness testimony, the trial court ultimately determined:

> In this case, we agree that the proposed testimony of a heroin sale by Appellant's brother at an unspecified time was of minimal relevance to Appellant's possession of heroin. Like the court in **Baez**, we also note that the jury could have believed or completely ignored Mr. Nicholson's testimony and been justified in finding Appellant guilty of the charged offenses. [The trial court, therefore,] concluded that the only reasonable effect of Mr. Nicholson's testimony would have been the undue distraction of the jury.

Trial Court Opinion, 9/2/2014, at 6-7 (footnotes omitted). Moreover, the trial court noted that its determination that there was sufficient evidence that "supports a finding that Appellant possessed the heroin with the intent to distribute, only strengthens this conclusion." **Id.** at 6, n.5.

We agree. Evidence that the proposed witness may or may not have purchased heroin from Appellant's brother at some other time does not go directly to the charges at issue or somehow prove that Appellant's brother exclusively possessed the heroin. As previously stated, "it is possible for two people to have joint constructive possession of an item of contraband." **Kinard**, 95 A.3d at 292. The proffered testimony that the driver of the vehicle had previously sold heroin was entirely collateral and potentially misleading for the jury. Therefore, we discern no abuse of discretion in precluding Mr. Nicholson from testifying at trial. Accordingly, Appellant's third issue fails.

Judgment of sentence affirmed

- 12 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/19/2015