J-S40037-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD CALLOWAY, | : | |
| | : | |
| Appellant | : | No. 279 WDA 2015 |

Appeal from the Judgment of Sentence Entered February 12, 2015,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0001584-2014

BEFORE:    FORD ELLIOTT, P.J.E., DONOHUE, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:        **FILED SEPTEMBER 09, 2015**

Ronald Calloway (Appellant) appeals from the judgment of sentence of two and one-half to five years' incarceration entered February 12, 2015, following his conviction for failure to comply with sexual offender registration requirements. We affirm.

By virtue of a qualifying prior conviction, Appellant was, and remains, subject to the address registration requirements of the Sex Offender Registration and Notification Act (SORNA).[1] *See* 18 Pa.C.S. § 9799.13.  On August 24, 2014, at approximately 9:39 pm, Officer Michael Bittner of the Uniontown Police Department was dispatched to 63 Pershing Court in Uniontown to investigate an alleged domestic disturbance.  Officer Bittner obtained information from Andrea Ohler, a resident of 63 Pershing Court and

---

[1] 42 Pa.C.S. §§ 9799.10-9799.41.

*Retired Senior Judge assigned to the Superior Court.

Appellant's girlfriend, that Appellant had been living at the residence for several months following his release from prison. Subsequently, Officer Bittner learned from the Megan's Law Section of the Pennsylvania State Police that Appellant's registered address was 13 Booker Way, Uniontown, Pennsylvania.

Appellant was charged with the aforementioned offense. The matter proceeded to a jury trial and, on February 3, 2015, Appellant was found guilty. On February 12, 2015, Appellant was sentenced as indicated above. This timely appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

On appeal, Appellant argues that the evidence presented was insufficient to sustain his conviction. Appellant's Brief at 7. Our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and

all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014) (citations and quotations omitted).

As an individual subject to registration under SORNA, Appellant was required to "appear in person at an approved registration site within three business days to provide current information relating to [*inter alia*]: … (2) A commencement of residence, change in residence, termination of residence or failure to maintain a residence, thus making the individual a transient." 42 Pa.C.S. § 9799.15(g).  For the purposes of SORNA, "residence" is defined as "[a] location where an individual resides or is domiciled or intends to be domiciled for 30 consecutive days or more during a calendar year." 42 Pa.C.S. § 9799.12.  The statute under which Appellant was convicted provides, in relevant part, that "[a]n individual who is subject to registration under 42 Pa.C.S. § 9799.13 [] commits an offense if he knowingly fails to … verify his address … as required[.]" 18 Pa.C.S. § 4915.1(a)(2).

The Commonwealth presented the following evidence at trial.

Angela Ohler, Appellant's girlfriend and resident of 63 Pershing Court, testified that Appellant moved into her house on March 23, 2014, consistently stayed overnight for long periods of time, bought groceries for her children, and kept numerous personal items at 63 Pershing Court between his release on March 23, 2014 and August 24, 2014.  [Ms. Ohler testified that she had helped move Appellant's possessions from 13 Booker

Way to 63 Pershing Court. Further, she testified that Appellant contacted her via telephone from the county jail before trial to request that she change her testimony and say that Appellant was residing at 13 Booker Way at the time of his arrest.]

The Commonwealth also presented testimony from the City of Uniontown Police Captain David J. Rutter, who is responsible for the Megan's Law updates and verifications that occur at the Fayette County Booking Center and assisted Patrolman Bittner in investigating [] Appellant. Captain Rutter testified that he used J-Net to retrieve Appellant's registration information and that Appellant had registered the address at 13 Booker Way. Further, Captain Rutter stated Appellant told him during the initial interview that he had slept at the 13 Booker Way address only once in the past two weeks. The jury did not find credible Appellant's testimony that he did not sleep anywhere at night, and only stayed at 63 Pershing Court during the day. Captain Rutter testified that upon responding to 63 Pershing Court, he observed larger, men's clothing strewn about the bedroom at the residence.

Captain Rutter also stated that a person is required to report any new or additional addresses to the State Police within three (3) days of moving. [Further, through State Police Investigator Timothy Kirsch, the Commonwealth presented evidence that, at the time he registered the Booker Way address as his residence in May of 2014, Appellant signed a form acknowledging his awareness of the Megan's Law registration requirements, including the policy for updating one's address with the State Police.]

Trial Court Opinion, 4/8/2015, at 3-4.

When this evidence is viewed in the light most favorable to the Commonwealth as the verdict winner, we cannot agree that it is unreliable and speculative as claimed by Appellant. The testimony of the Commonwealth witnesses, if believed by the jury, was sufficient to support Appellant's conviction. *See*, *e.g.*, ***Commonwealth v. Love***, 896 A.2d 1276,

1283 (Pa. Super. 2006). Thus, we agree with the trial court that the evidence presented was sufficient for the jury to conclude beyond a reasonable doubt that Appellant was residing at 63 Pershing Court and had knowingly failed to update his address as required by SORNA. Accordingly, we find no error on the part of the trial court, and affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2015