J-S61036-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| GARY LEE JOSLYN, JR., | : | |
| | : | |
| Appellant | : | No. 307 MDA 2015 |

Appeal from the Judgment of Sentence Entered September 11, 2014,
in the Court of Common Pleas of Bradford County,
Criminal Division, at No.: CP-08-CR-0000167-2014

BEFORE:   PANELLA, WECHT, and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 30, 2015**

Gary Lee Joslyn, Jr., (Appellant) appeals from the judgment of sentence entered following his conviction for possession of a controlled substance.  We affirm.

On June 24, 2014, Appellant was convicted of the aforementioned crime following a jury trial.  Appellant's conviction resulted from an incident wherein police officers, while executing an arrest warrant for Appellant at a residence in Towanda, Pennsylvania, found two plastic baggies containing residue from bath salts[1] on a nightstand next to where Appellant was found

---

[1] "'Bath salts,' the street name of a category of designer drugs that contain synthetic cathinones such as mephedrone, have … been designated a controlled substance."  ***Commonwealth v. Scott***, 73 A.3d 599, 601 n.5 (Pa. Super. 2013) (citing 35 P.S. § 780-104(1)(iii)(17-25), (vii)(1-8), (viii)(1-9)); ***see also*** N.T., 6/24/2014, at 42-43 (Jennifer J. Libus, Forensic Scientist II with the Pennsylvania State Police, explaining that testing of the

*Retired Senior Judge assigned to the Superior Court.

sleeping with his girlfriend and an infant. Appellant was sentenced to four to twelve months of incarceration for the conviction. Following the denial of his post-sentence motions, Appellant timely filed his notice of appeal to this Court.

On appeal, Appellant presents one issue for our consideration: "Whether the evidence was sufficient to prove the ability and intent to exercise conscious control in order to prove the offense of possession of a controlled substance?" Appellant's Brief at 7.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

---

residue revealed the presence of two Schedule I controlled substances known as bath salts).

Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) (citation omitted).

The statute under which Appellant was convicted provides, in relevant part, as follows:

(a)   The following acts and the causing thereof within the Commonwealth are hereby prohibited:

***

(16)  Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

35 P.S. § 780-113(a)(16).

Because Appellant was not found with contraband on his person, the Commonwealth was required to establish that Appellant had constructive possession of the seized items to support his conviction. *Commonwealth v. Kinard*, 95 A.3d 279, 292 (Pa. Super. 2014).

Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to

- 3 -

control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Id.* (quoting *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super. 2012)). Moreover,

[w]here more than one person has equal access to where drugs are stored, presence alone in conjunction with such access will not prove conscious dominion over the contraband. [Rather], the Commonwealth must introduce evidence demonstrating either Appellant's participation in the drug-related activity or evidence connecting Appellant to the specific room or areas where the drugs were kept.

*Commonwealth v. Bricker*, 882 A.2d 1008, 1016 (Pa. Super. 2005) (internal quotation marks and citation omitted).

Appellant argues that the Commonwealth failed to present sufficient evidence to prove that he had constructive possession of the contraband. Specifically, Appellant contends that the circumstances of the case do not suggest that he had knowledge of the drugs prior to overhearing police tell his girlfriend that they were going to call Children and Youth Services (CYS). Appellant's Brief at 10-11. Appellant also emphasizes that his mere proximity to the contraband is insufficient to establish constructive possession. *Id.*

At trial, the Commonwealth presented the testimony of Pennsylvania State Police Troopers Robert Hutchinson and Michael Adams. Trooper Hutchinson testified that, while executing an arrest warrant for Appellant at

- 4 -

the residence, Trooper Hutchinson entered a room where Appellant was sleeping on the left side of the bed, a small infant girl was sleeping in the middle, and Appellant's girlfriend was sleeping on the right side of the bed. N.T., 6/24/2014, at 14-16. Trooper Hutchinson said he woke up the individuals and placed Appellant under arrest. *Id.* at 16. Trooper Hutchinson explained that there was a nightstand on the left side of the bed, where two small green zip lock baggies with residue "were laying right beside [Appellant]." *Id.* at 16-17. Trooper Hutchinson testified that the items were consistent with bath salts, so he took the items into possession. *Id.* at 17. Trooper Hutchinson stated that Appellant was eventually escorted outside to the police car. *Id.* at 17-18. Troopers Hutchinson and Adams both confirmed that Appellant told Trooper Adams that the baggies were his. *Id.* at 33-34, 61. The troopers further testified that it was protocol to call CYS in a drug case involving the presence of children and that such a call was made in this case. *Id.* 28, 37-39.

Appellant also testified at trial. Appellant admitted that he had a drug problem, used bath salts, had brought bath salts to the residence in the past, and had received bath salts from others at times as well. *Id.* at 49, 51-52, 56. Appellant further stated that, on the day he was arrested, he was sleeping on the side of the bed with the nightstand upon which the

baggies were found. *Id.* at 50-51. Appellant also testified that when asked if the baggies were his, he replied, "I guess they are mine." *Id.* at 53, 56.

This evidence, viewed together and in the light most favorable to the Commonwealth, is sufficient to prove that Appellant had constructive possession of the contraband in question. Although Appellant testified at trial that the baggies were not actually his and that he said they were his only because he overheard the police talking to his girlfriend about calling CYS and he "didn't want them taking [his] girlfriend's daughter away from her," *id.* at 53-54, 56-59, it is clear that the jury did not credit this testimony. *See Harden*, 103 A.3d at 111 ("[T]he [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.").

Based on the foregoing, Appellant is not entitled to relief on his sufficiency claim. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/30/2015