**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER L. LEISTER, | |
| Appellant | No. 113 MDA 2015 |

Appeal from the Judgment of Sentence December 11, 2014
in the Court of Common Pleas of Centre County
Criminal Division at No.: CP-14-SA-0000082-2014

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:               **FILED DECEMBER 07, 2015**

Appellant, Christopher L. Leister, appeals from the judgment of sentence imposed pursuant to his summary bench conviction of harassment, 18 Pa.C.S.A. § 2709(a)(1).  We affirm.

The background facts and procedural history of this matter are as follows.  On July 28, 2014, a citation was filed against Appellant for harassment.  On August 8, 2014, the magisterial district justice found Appellant guilty.  On September 5, 2014, Appellant filed an appeal of the summary conviction to the trial court.  The court held a *de novo* hearing on December 11, 2014.

_____

[*] Retired Senior Judge assigned to the Superior Court.

At the hearing, Vincent Perry testified that he and his wife were driving in their neighborhood on their way home when he noticed Appellant's vehicle in his "rear view mirror coming up on [them] pretty fast flashing [its] lights." (N.T. Hearing, 12/11/14, at 4-5). He stated that when he pulled into his driveway, Appellant drove behind him, exited his vehicle, complained that he had run a stop sign, threatened to beat up him and his wife approximately three or four times, and said "he was going to kick [their] ass." (*Id.* at 5). After Appellant threatened them, he started walking toward Mr. Perry and his wife, who told him to get off their property several times. (*See id.* at 7). When Appellant finally got into his car and drove back onto the road, he stated "I am not on your f'ing property now. Come on out here and I'll [kick] your ass." (*Id.* at 8). Mr. Perry's wife called the police, and Appellant "peeled out and headed down the hill to his house." (*Id.*).

Conversely, Appellant testified that he asked Mr. Perry to "please quit running the stop sign," to which Mr. Perry reacted by threatening to assault him. (*Id.* at 10). The court did not find Appellant's testimony to be credible. (*See* Trial Court Opinion, 3/09/15, at 2-3).

At the conclusion of the hearing, the trial court convicted Appellant of harassment and sentenced him to fines and costs totaling approximately $450.00. On January 12, 2015, Appellant filed a timely notice of appeal.[1]

---

[1] Appellant filed a timely concise statement of errors complained of on appeal on February 5, 2015 pursuant to the trial court's order. *See*
*(Footnote Continued Next Page)*

Appellant raises two questions for this Court's review:

> I.     [Whether] the trial court committed an error of law and abuse of discretion in finding [Appellant] guilty of 18 Pa.C.S.[A.] §[]2709(a)(1), when evidence admitted at trial presented doubt as to [Appellant's] guilt[?]
>
> II.    [Whether] the trial court committed an error of law and abuse of discretion in failing to recognize the *de minimis* nature of [Appellant's] conduct and dismissing the matter pursuant to 18 Pa.C.S.A. §[]312[?]

(Appellant's Brief, at 2) (most capitalization omitted).

In his first issue, Appellant argues that "[t]he evidence at trial was insufficient to find, beyond a reasonable doubt, that [Appellant] actually threatened Mr. Perry." (*Id.* at 4). This issue is waived and does not merit relief.

It is well-settled that, "when challenging the sufficiency of the evidence on appeal, [an] [a]ppellant's 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (citation and internal quotation marks omitted).

In the case before us, Appellant's Rule 1925(b) statement does not identify which element or elements of harassment the Commonwealth

*(Footnote Continued)* ————————————

Pa.R.A.P. 1925(b). The trial court filed an opinion on March 9, 2015. ***See*** Pa.R.A.P. 1925(a).

allegedly failed to prove. (**See** Statement of Matters Complained of on Appeal, 2/05/15, at 1 ¶ 1). Accordingly, Appellant's challenge to the sufficiency of the evidence is waived. **See Gibbs**, **supra** at 281. Moreover, even if Appellant had not waived his sufficiency claim, it would not merit relief.

Our standard of review of this matter is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Harden**, 103 A.3d 107, 111 (Pa. Super. 2014) (citation omitted).

Section 2709 of the Crimes Code provides, in pertinent part that "[a] person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person . . . strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or **threatens** to do the

same[.]" 18 Pa.C.S.A. § 2709(a)(1) (emphasis added). "An intent to harass may be inferred from the totality of the circumstances." ***Commonwealth v. Cox***, 72 A.3d 719, 721 (Pa. Super. 2013) (citation omitted).

In the case *sub judice*, Mr. Perry testified that Appellant followed him in his car, approaching quickly, and flashing his lights. (***See*** N.T. Hearing, at 4-5). After following Mr. Perry and his wife to their property, Appellant exited his vehicle, uttered profanities at them, and threatened to physically attack them. (***See id.***). Although repeatedly asked to leave, Appellant refused to do so until the police were contacted, and he then yelled obscenities again before he "peeled out and headed down the hill to his house." (***Id.*** at 8; ***see id.*** at 7). While Appellant gave a different version of events, the trial court found that he was not credible, a finding that we will not disturb. (***See*** Trial Ct. Op., at 2-3); ***see also Harden***, ***supra*** at 111.

Therefore, based on the totality of the circumstances and viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the trial court properly found that the evidence was sufficient to support Appellant's harassment conviction on the basis of his threat to physically harm Mr. Perry and his wife. ***See Harden***, ***supra*** at 111. Appellant's first issue would not merit relief.

In his second claim, Appellant argues that, even if the evidence was sufficient to support his conviction, the trial court erred when it did not dismiss the harassment charge as *de minimis* because "[t]he harassment

sought to be prevented with the enactment of 18 Pa.C.S.A. § 2709(a)(1) was not one neighbor informing another neighbor about a genuine safety concern." (Appellant's Brief, at 8-9). This issue does not merit relief.

"Our standard of review of [this issue] is to evaluate the trial court's ruling for an abuse of discretion." *Commonwealth v. Lutes*, 793 A.2d 949, 963 (Pa. Super. 2002) (citation omitted). Section 312 of the Crimes Code, *de mimimis* infractions, provides, in pertinent part:

> **(a) General rule.**—The court shall dismiss a prosecution if, having regard to the nature of the conduct charged to constitute an offense and the nature of the attendant circumstances, it finds that the conduct of the defendant:
>
> \* \* \*
>
> (2) did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction[.]

18 Pa.C.S.A. § 312(a)(2). "An offense alleged to be *de minimis* in nature should not be dismissed where either harm to the victim or society in fact occurs." *Lutes*, *supra* at 963 (citation omitted).

First, we agree with Appellant that the purpose of the harassment statute is not to prevent "one neighbor [from] informing another neighbor about a genuine safety concern." (Appellant's Brief, at 8-9). However, by its clear terms, the statute does seek to prevent an individual from threatening to cause physical harm to another. *See* 18 Pa.C.S.A. § 2709(a)(1).

- 6 -

In this case, when declining to dismiss Appellant's harassment charge as *de minimis*, the trial court stated: "Appellant's behavior caused Mr. Perry and his wife annoyance and/or alarm by threatening to subject them to physical contact. Further, Appellant's behavior is not of the type customarily tolerated by society." (Trial Ct. Op., at 4).

We agree. Therefore, in reviewing the totality of the circumstances, we conclude that the trial court did not abuse its discretion in declining to dismiss Appellant's harassment charge as *de minimis*. **See Lutes**, **supra** at 963. Appellant's second issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/7/2015