J-S21001-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CLIFFORD TERLONGE, | : | |
| | : | |
| Appellant | : | No. 3038 EDA 2012 |

Appeal from the Judgment of Sentence Entered October 5, 2012,
In the Court of Common Pleas of Philadelphia County,
Criminal Division, at No. CP-51-CR-0003979-2012.

BEFORE:  SHOGAN, ALLEN and OTT, JJ.

MEMORANDUM BY SHOGAN, J.:                     **FILED APRIL 23, 2015**

Appellant, Clifford Terlonge, appeals from the judgment of sentence entered on October 5, 2012.  Appellant's counsel has filed a petition seeking to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  Appellant has not filed a response to counsel's petition.  After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Appellant was arrested on March 13, 2012, and charged with persons not to possess firearms, carrying a firearm without a license, carrying a firearm in public in Philadelphia, and possession of marijuana.  Appellant

filed a motion to suppress physical evidence based on an allegedly illegal search and seizure, and following a hearing held on August 8, 2012, Appellant's motion to suppress was denied. That same day, the trial court, sitting without a jury, found Appellant guilty of the aforementioned charges. On October 5, 2012, the trial court sentenced Appellant to a term of five to ten years of incarceration on the persons not to possess firearms charge and imposed no additional penalty on the remaining charges. Appellant timely appealed.

On June 19, 2013, Appellant's counsel filed a petition to withdraw his appearance under *Anders*. Before we address the issue Appellant's counsel has raised on appeal, we must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, we conclude that counsel has satisfied, albeit minimally, those directives. While counsel's petition to withdraw fails to set forth a statement regarding his examination of the record and conclusion that the present appeal is wholly frivolous, counsel does make such a statement in the February 24, 2015 letter to Appellant that is appended to the **Anders** brief which was filed in conjunction with the petition to withdraw. Additionally, counsel did send Appellant a copy of the **Anders** brief and the petition to withdraw, as well as the aforementioned letter advising Appellant that he could represent himself or retain private counsel. While not in direct compliance with the requirements set forth above, in the interests of judicial economy and in an effort to afford Appellant judicial review in an expedient manner,[1] we conclude that counsel has satisfied the **Cartrette** requirements.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes

---

[1] We point out that this case has already been remanded twice in an effort to compel counsel to comply with **Anders** and its progeny.

on point that have led to the conclusion that the appeal is frivolous.

*Cartrette*, 83 A.3d at 1032 (quoting *Santiago*, 978 A.2d at 361).

We are satisfied that counsel has met, again minimally, the requirements set forth in *Santiago*. Counsel's brief sets forth the factual and procedural history of this case, cites to the record, and refers to an issue that counsel arguably believes supports the appeal. *Anders* Brief at 8-12. Further, the brief sets forth counsel's conclusion that the appeal is frivolous.[2]

*Id*. at 14. Accordingly, we address the following issue raised in the *Anders* brief:

> Did Philadelphia Police have reasonable suspicion to stop and frisk [Appellant] because a radio call stated [Appellant] was with co-defendant who had multiple guns in a book bag and subsequently police saw [Appellant] walking with co-defendant who possessed a gun in plain view?

*Anders* Brief at 7. While never specifically stated in the *Anders* brief, we discern that, based on our independent review,[3] counsel's reason for challenging the search and seizure is that counsel for Appellant is assailing

---

[2] We are constrained to point out that the *Anders* brief fails to set forth counsel's reasons for concluding that the appeal is frivolous. Once again, in the interests of judicial economy, and in an effort to provide Appellant his right to appellate review, we shall proceed with our discussion as counsel's failure does not inhibit our review.

[3] *See Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) (noting that in reviewing a petition to withdraw under *Anders*, this Court must conduct an independent review of the record to determine if there are other meritorious issues present).

the trial court's denial of his suppression motion. As support for our conclusion, we note that this was the sole issue raised in his court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Pa.R.A.P. 1925(b) statement, 4/2/13.

The standard of review we apply when considering an order denying a suppression motion is well established. An appellate court may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. *Commonwealth v. Russo*, 934 A.2d 1199, 1203 (Pa. 2007) (citing *Commonwealth v. Boczkowski*, 846 A.2d 75 (Pa. 2004)). Where the record supports the factual findings of the trial court, the appellate court is bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. *Id*. However, it is also well settled that the appellate court is not bound by the suppression court's conclusions of law. *Id*. (citing *Commonwealth v. Duncan*, 817 A.2d 455 (Pa. 2003)).

> With respect to factual findings, we are mindful that it is the sole province of the suppression court to weigh the credibility of the witnesses. Further, the suppression court judge is entitled to believe all, part or none of the evidence presented. However, where the factual determinations made by the suppression court are not supported by the evidence, we may reject those findings. Only factual findings which are supported by the record are binding upon this court.

*Commonwealth v. Benton*, 655 A.2d 1030, 1032 (Pa. Super. 1995) (citations omitted). In addition, questions of the admission and exclusion of

evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *Commonwealth v. Freidl*, 834 A.2d 638, 641 (Pa. Super. 2003).

Further, we point out that contacts between the police and citizenry fall within three general classifications:

> The first [level of interaction] is a "mere encounter" (or request for information) which need not be supported by any level of suspicion, but carries no official compulsion to stop or to respond. The second, an "investigative detention" must be supported by a reasonable suspicion; it subjects a suspect to a stop and a period of detention, but does not involve such coercive conditions as to constitute the functional equivalent of an arrest. Finally an arrest or "custodial detention" must be supported by probable cause.

*Commonwealth v. Goldsborough*, 31 A.3d 299, 305 (Pa. Super. 2011).

> To guide the crucial inquiry as to whether or not a seizure has been effected, the United States Supreme Court has devised an objective test entailing a determination of whether, in view of all surrounding circumstances, a reasonable person would have believed that he was free to leave. In evaluating the circumstances, the focus is directed toward whether, by means of physical force or show of authority, the citizen-subject's movement has in some way been restrained. In making this determination, courts must apply the totality-of-the-circumstances approach, with no single factor dictating the ultimate conclusion as to whether a seizure has occurred.

*Commonwealth v. Lyles*, 54 A.3d 76, 79-80 (Pa. Super. 2012).

An investigative detention must be supported by reasonable suspicion, which is a less stringent standard than probable cause. *Commonwealth v. Foglia*, 979 A.2d 357, 360 (Pa. Super. 2009) (*en banc*). "In order to

determine whether the police had reasonable suspicion, the totality of the circumstances - the whole picture - must be considered." ***Commonwealth v. Simmons***, 17 A.3d 399, 403. Given the totality of the circumstances, "the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity." ***Id.*** (quoting ***Unites States v. Cortez***, 449 U.S. 411, 417-418 (1981)). "[W]e must give due weight to the specific reasonable inferences the police officer is entitled to draw from the facts in light of his experience." ***Commonwealth v. Kemp***, 961 A.2d 1247, 1255 (Pa. Super. 2008) (*en banc*) (citation and quotation marks omitted). Furthermore:

> the totality of the circumstances test does not limit our inquiry to an examination of only those facts that clearly indicate criminal conduct. Rather, even a combination of innocent facts, when taken together, may warrant further investigation by the police officer.

***Commonwealth v. Hughes***, 908 A.2d 924, 927 (Pa. Super. 2006) (citations and internal quotations omitted).

Additionally:

> [w]hen an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others the officer may conduct a pat down search to determine whether the person is in fact carrying a weapon. ***Terry*** [***v. Ohio***, 392 U.S. 1, 24 (1968)]. The purpose of this limited search is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence. ***Adams v. Williams***, 407 U.S. 143, 146, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

***Simmons***, 17 A.3d at 403 (internal quotation marks omitted). "To justify a frisk incident to an investigatory stop, the police need to point to **specific and articulable** facts indicating the person they intend to frisk may be armed and dangerous; otherwise, the talismanic use of the phrase 'for our own protection[]' … becomes meaningless." ***Commonwealth v. Cooper***, 994 A.2d 589, 593 (Pa. Super. 2010) (citation and quotation omitted; emphasis in original). We are "guided by common sense concerns, giving preference to the safety of the officer during an encounter with a suspect where circumstances indicate that the suspect may have, or may be reaching for, a weapon." ***Commonwealth v. Mack***, 953 A.2d 587, 590 (Pa. Super. 2008). However, an anonymous tip alone will not justify a stop and frisk. ***Commonwealth v. Goodwin***, 750 A.2d 795, 798 (Pa. 2000). Additional information is needed to corroborate the anonymous allegation of criminal activity, and the police are required to have an independent basis to establish reasonable suspicion. ***Id***. (citations omitted).

Here, the trial court found as follows:

> In the instant case, Officers Galiczynski and Lapetina received flash information for two black males, one wearing a black New York baseball cap and a gray hoodie and the other wearing all black carrying a black book bag, with guns near the 5400 block of Ditman Street. Upon seeing [Appellant and his co-defendant] moments later, matching the exact description of the flash, the officers exited their vehicle. Officer Galiczynski observed the handle of a black handgun protruding from the front waistband of [co-defendant's] pants and alerted Officer Lapetina to the presence of a gun. The officers ordered the two

-8-

men to get on the ground and although [Appellant] complied, [co-defendant] did not, so Officer Galiczynski took him to the ground. Officer Galiczynski's observation of the gun handle sticking up out of [co-defendant's] waistline and his lack of cooperation with the officers' commands provided an independent basis for the officer to reasonably conclude that criminal activity was afoot, that [co-defendant] was armed and dangerous, and that [Appellant] may also be armed and dangerous. Thus, the officers had the requisite reasonable suspicion to stop the males and conduct a protective frisk of their outer clothing. Incident to the protective frisk of [co-defendant], Officer Galiczynski secured the firearm, which was a Haskell Hi-Point semiautomatic black handgun that was loaded with nine live rounds and had an obliterated serial number. Incident to the protective frisk of [Appellant], Officer Lapetina felt a hard metal object, indicative of a gun, near [Appellant's] left ankle and the officer recovered a [.]25 caliber silver Dickson Detective handgun that was also loaded. Neither [Appellant nor co-defendant] could produce a license to carry the firearms, so they were both placed under arrest. Incident to the arrest, Officer Lapetina recovered fourteen (14) purple packets of marijuana from [Appellant's] groin area and searched the black book bag, which contained miscellaneous items, but no contraband. The investigative detention and protective frisk were properly performed by the officers and thus, this court properly denied the motion to suppress the firearms recovered from [Appellant and co-defendant]. Further, the search[es] of [Appellant's] person and book bag, incident to arrest, were also properly performed and thus, this court properly denied the motion to suppress the drugs recovered from [Appellant's] person.

Trial Court Opinion, 5/7/13, at 6-7.

We agree with the suppression court's conclusion. The flash information described two men with guns. Shortly thereafter, the officers saw two men in the vicinity described in the radio flash wearing clothing matching the description given over the radio. Upon exiting their police

vehicle, they observed Appellant's co-defendant in visible possession of a gun. This independent observation corroborated the flash information. ***Goodwin***, 750 A.2d at 798. Based on the totality of the circumstances, it was entirely reasonable for the officers to conclude Appellant and co-defendant were involved in criminal activity and that a ***Terry*** stop was justified for the protection of the officers and others. ***Simmons***, 17 A.3d at 403. Because our review of the record reflects that the officers in this case did possess the requisite reasonable suspicion, we conclude that Appellant is entitled to no relief on this issue.

Finally, we reiterate that we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. ***Harden***, 103 A.3d at 111. Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/2015