J-S29034-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| v. | : | |
| | : | |
| DANIEL J. STEWART, | : | |
| | : | |
| Appellant | : | No. 1811 WDA 2014 |

Appeal from the Judgment of Sentence Entered October 15, 2014,
in the Court of Common Pleas of Fayette County,
Criminal Division, at No: CP-26-CR-0001886-2013

BEFORE: PANELLA, MUNDY, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                 **FILED JULY 15, 2015**

Daniel J. Stewart (Appellant) appeals from his October 15, 2014 judgment of sentence of five to fifteen years of incarceration, entered after a jury found him guilty of possession of a controlled substance and possession with intent to deliver a controlled substance (PWID). Although we affirm Appellant's convictions, we vacate his judgment of sentence and remand for resentencing.

The jury received the following evidence during Appellant's trial. On October 4, 2013, Masontown Police Officer Thomas O'Barto encountered a Jeep with no registration stickers and a missing fender. After Officer O'Barto pulled behind the vehicle with his emergency lights activated, the Jeep pulled into the lot for a gas station/convenience store. The front passenger door of the Jeep began to open before the Jeep came to a stop, and the front passenger leapt from the vehicle toward the entrance to the

*Retired Senior Judge assigned to the Superior Court.

convenience store. Officer O'Barto yelled for him to get back into the car; after hesitating and bending over, the man complied.

Officer O'Barto called for backup after he determined that there were five people in the Jeep: Chad Workman, the front passenger who had jumped from the vehicle; Stephanie Workman, who was driving the car; Christopher Workman, who was in the back seat behind the driver; Jasmine Workman, the owner of the Jeep, who was in the middle back seat; and Appellant, who was in the back seat behind the front passenger. Backup from the Masontown and Brownsville police departments arrived, including Officer Alexis Metros. The officers removed the individuals from the Jeep one at a time, and Officer O'Barto obtained permission from Jasmine Workman to search the vehicle.

During the search, Officer O'Barto found a box of plastic baggies in a seat compartment directly in front of where Appellant had been sitting, and a digital scale in the area behind Appellant's head. Upon being questioned by Officer O'Barto about these items, Chad Workman indicated that they were headed to Masontown to sell the cocaine that Appellant had in his possession. Thereafter, all five occupants of the Jeep were arrested.

While Officer Metros was transporting Appellant to the police station, she noticed that "[h]e was fidgeting a lot with his hands towards his buttocks area. He kept like pushing up in the seat, moving around." *Id.* at

- 2 -

18.   When she removed Appellant from the vehicle at the detention area, Officer Metros noticed "a white powdery substance" on the seat of the car where Appellant had been sitting.  *Id.* at 16.

Inside the detention center, the three men were shackled to a bench, with Christopher Workman at one end, Chad Workman in the middle, and Appellant at the other end.  Officers O'Barto and Metros informed the men that the room was being videoed; the two women were taken to an interrogation room.  When Officer Metros returned, she saw two baggies containing white power located on the bench between Appellant and Chad Workman.  The video showed that Chad Workman's hands had been in clear view and empty during the lapsed time, while Appellant had moved a lot and pulled something from behind his back.  Officer Metros took the baggies to Officer O'Barto, who performed a field test that indicated the presence of cocaine in each bag.  Subsequent testing by the state crime lab revealed that the bags respectively contained 13.29 and 29.9 grams of cocaine.

Testifying in his defense, Appellant asserted that Christopher Workman had been the one sitting in the rear, passenger-side seat of the Jeep where the paraphernalia was found.  Appellant also insisted that, upon learning of Chad Workman's claim that Appellant possessed cocaine, he denied it to Officer O'Barto.  Finally, Appellant maintained that the baggies recovered in the detention area were not his; rather, while shackled to the bench in the

detention area, Appellant heard a noise, noticed the baggies, and immediately stood up and called for the police.

Upon the above evidence, the jury found Appellant guilty of one count each of possession and PWID, and the trial court sentenced him as previously indicated. Appellant's timely-filed post-sentence motion was denied, and he timely filed a notice of appeal to this Court.

Appellant presents five[1] questions for our consideration, which we have re-ordered for ease of disposition:

[1.] Did the Commonwealth establish, beyond a reasonable doubt, both that [Appellant] possessed the two baggies of cocaine and possessed the baggies with the intent to deliver?

[2.] Did the suppression court err in denying [Appellant's] omnibus pre-trial motion in the nature of a motion to suppress evidence and dismiss the charges[?]

[3.] Did the trial court err in permitting Officer Metros [to] testify that she observed a white substance on the rear seat of her police [cruiser] after transporting [Appellant] to the Masontown Police Station, when the substance was never tested for any drug residue?

[4.] Did the trial court err in permitting Officer O'Barto to present hearsay statements made by Chad Workman, Sr. during his rebuttal testimony?

[5.] Did the trial court err in denying [Appellant's] post sentence motion [] to modify sentence as 18 Pa.C.S.[] § 7508 follows an unconstitutional sentencing scheme?

---

[1] Appellant lists a sixth question in his Statement of Questions Involved, but subsequently indicates that he is not pursuing the issue on appeal. Appellant's Brief at 7, 11.

Appellant's Brief at 7 (unnecessary capitalization omitted).

We first consider Appellant's claim that the Commonwealth offered insufficient evidence to prove his possession, and possession with intent to deliver, the baggies of cocaine.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence. Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014) (internal quotation marks and citations omitted).

Appellant claims that the "Commonwealth failed to produce sufficient evidence to connect Appellant to the two baggies of cocaine." Appellant's Brief at 16. He asserts that the Commonwealth's case depended wholly

upon the surveillance video of the detention room, which "is inconclusive at best." *Id.* We disagree.

The trial court properly determined that the circumstantial evidence allowed the jury to conclude beyond a reasonable doubt that Appellant had possessed the baggies of cocaine. Specifically, "Appellant's possession of the controlled substances is supported by: (1) his proximity to the same; and (2) the surveillance which showed Appellant at the detention center sitting on the bench, fidgeting a lot, pulling something from the rear, moving further away and immediately standing up after his movements." Trial Court Opinion, 1/23/2015, at 13. Furthermore, the jury heard the additional circumstantial evidence of Appellant's fidgeting and reaching towards his rear in Officer Metros' car, and her finding white powder on the seat afterwards. This totality of circumstances, viewed in the light most favorable to the Commonwealth, supports the finding that Appellant possessed the baggies of cocaine. *See*, *e.g.*, *Commonwealth v. Thompson*, 93 A.3d 478, 489-90 (Pa. Super. 2014) (rejecting sufficiency challenge where evidence, *inter alia*, that the appellant tossed a plastic baggie into a vehicle allowed the jury to infer reasonably that the appellant had actual possession of the contraband later recovered from the possession of a person in the vehicle).

Appellant also claims that the Commonwealth offered insufficient evidence to prove intent to deliver, noting that the cocaine was "not individually wrapped for sale[,]" that the scale and baggies recovered from the Jeep "were not in plain view and were accessible to all passengers in the car[,]" and that Appellant "was found to be without any cash or weapons." Appellant's Brief at 17.

Appellant presents the evidence most favorable to him, and ignores the evidence favorable to the Commonwealth. As the trial court explained:

> Officer O'Barto's expert testimony along with the quantity of drugs and the presence of packing materials and digital sca[l]e established intent to deliver beyond a reasonable doubt. At trial, Officer O'Barto, an officer with twenty-four years of law enforcement experience including [as] a member of the Fayette County Drug Task Force, was admitted without objection as an expert in the field of narcotics investigation. Additionally, he has been qualified as in expert in the Commonwealth of Pennsylvania in the field of narcotics investigation over twenty times.
>
> Officer O'Barto testified the packing materials, the digital scale, and the amount of cocaine found in close proximity to Appellant indicated to him that Appellant had the intent to deliver the cocaine. Specifically, Officer O'Barto testified that a person does not possess over 40 grams of cocaine with the presence of a box and baggies and a digital scale merely for personal use. Rather, a drug dealer uses the digital scale to weigh down the cocaine to hundredths of a gram and then packages the weighed[-]out cocaine into baggies to sell.

Trial Court Opinion, 1/23/2015, at 14 (citations and repetition of quantities in numeral form omitted). The jury was free to believe Officer O'Barto's testimony and discredit the evidence to which Appellant pointed.

Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that Appellant possessed the cocaine with the intent to deliver it. *See*, *e.g.*, ***Commonwealth v. Little***, 879 A.2d 293, 298 (Pa. Super. 2005) ("[P]ossession with intent to deliver can be inferred from the quantity of the drugs possessed by Little in his residence along with the numerous items of drug paraphernalia the officers recovered.").

Appellant next argues that the suppression court erred in denying his motion to suppress evidence.

> [I]n addressing a challenge to a trial court's denial of a suppression motion [we are] limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Since the [Commonwealth] prevailed in the suppression court, we may consider only the evidence of the [Commonwealth] and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Cauley***, 10 A.3d 321, 325 (Pa. Super. 2010) (citation omitted). "It is within the suppression court's sole province as fact[-]finder to pass on the credibility of witnesses and the weight to be given their testimony." ***Commonwealth v. Elmobdy***, 823 A.2d 180, 183 (Pa. Super. 2003) (citation omitted).

Appellant's suppression argument is as follows.

> Officer O'Barto lacked the necessary probable cause to take Appellant into custody. The record clearly demonstrates

- 8 -

that there were four other individuals inside the vehicle with Appellant. During a search of the vehicle, [Officer] O'Barto discovered a box of plastic baggies and a digital scale. The items were discovered in a common area and each of the individuals had equal access to them. The officer should not have taken Appellant into custody.

Appellant's Brief at 18.

"The police have probable cause where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed." *Commonwealth v. Hernandez*, 935 A.2d 1275, 1284 (Pa. 2007) (quotation and citations omitted). "We evaluate probable cause by considering all relevant facts under a totality of circumstances analysis." *Id.* Additionally, "[o]ne or more actors may jointly constructive[ly] possess an item if it is found in an area of joint control and equal access." *Commonwealth v. Kinard*, 95 A.3d 279, 295 (Pa. Super. 2014).

Officer O'Barto's finding of drug paraphernalia to which Appellant had not only joint access, but primary access given where he had been sitting in the car, coupled with Chad Workman's indication that Appellant was part of a conspiracy to sell cocaine which Appellant possessed in his pants, clearly was sufficient to warrant a person of reasonable caution that Appellant was committing an offense. *See*, *e.g.*, *Commonwealth v. Stembridge*, 579 A.2d 901, 905 (Pa. 1990) (affirming conviction following arrest for possession of controlled substances where the appellant's "access to and

control over the area in which the contraband was found was greater than that of the driver and the other passenger"). Accordingly, Appellant's argument is meritless.

Appellant's next two issues concern the trial court's evidentiary rulings. We consider them mindful of the following.

> The standard of review for a trial court's evidentiary rulings is narrow. The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

*Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa. Super. 2013) (quoting *Commonwealth v. Hanford*, 937 A.2d 1094, 1098 (Pa. Super. 2007)).

Appellant first contends that Officer Metros should not have been permitted to testify about the white substance she noticed in the police cruiser where Appellant had been sitting because she had no idea what the substance was, and it was never tested by a chemist. Appellant's Brief at 10.

Officer Metros did not testify that Appellant left cocaine residue on the seat behind him; she testified that there was a white powder present on the seat when he got out of the vehicle that had not been there before. N.T., 10/7-8/2014, at 15-16. This was relevant circumstantial evidence that Appellant had been the one who had possessed the bags of cocaine

ultimately recovered in the detention area. **See** Trial Court Opinion, 1/23/2015, at 7 (discussing the probative value of Officer Metros' testimony). Appellant has failed to cite any authority for the proposition that admission of this relevant evidence was in any way an abuse of discretion. Accordingly, he is entitled to no relief on this issue. **See**, **e.g.**, **Commonwealth v. Christine**, 78 A.3d 1, 4 (Pa. Super. 2013) (*en banc*) (opinion in support of affirmance) (quoting **Commonwealth v. Bryant**, 67 A.3d 716, 726 (Pa. 2013)) ("We will reverse a trial court's decision as to admissibility of evidence only if the appellant sustains the heavy burden to show that the trial court has abused its discretion.").

Appellant next argues that the trial court erred in allowing Officer O'Barto to testify on rebuttal about Chad Workman's statements. On direct examination by the Commonwealth, Officer O'Barto began to testify about what Chad Workman had told him after the search of the vehicle, but the trial court sustained Appellant's hearsay objection. N.T., 10/7-8/2014, at 56. While later testifying in his defense, Appellant offered the following testimony:

> … Officer O'Barto was talking to Chad, and then he come up to the police car I was in and he opened the back door and said, do you got coke on you, and I said no, I don't. He said well, Mr. Workman just told me you have coke in your nuts. I said sir, it's a physical impossibility for me to have cocaine in my nuts. And he said okay, smart ass, we're gonna take everybody to the police station and strip-search them there. I said, you can strip-

search me here. He said no, we'll do that at the police station.

…

*Id.* at 106.

After the defense rested, the Commonwealth recalled Officer O'Barto, who was questioned, in relevant part, as follows.

Q. At the time of the stop, you spoke with Chad Workman?

A. Several times.

Q. And what did Mr. Workman tell you?

[Appellant's counsel]: I'm going to object. It would be hearsay.

[ADA]: We can't have it both ways.

[Trial court]: I think the door has been open[ed] at this point. We'll overrule.

Q. What did Chad Workman tell you about what was going on?

A. Chad Workman said that they were on their way to Masontown to meet an individual to sell them some cocaine that [Appellant] had tucked underneath his nuts.

Q. And did you ask [Appellant] if he had cocaine on him while he was in the car?

A. I did.

Q. And that's why you asked him, correct, because that was the information?

A. That's right.

*Id.* at 116-17.

Appellant contends that he did not open the door for Officer O'Barto to testify to Chad Workman's statements.[2] Appellant's Brief at 12. Appellant maintains that his testimony "had absolutely nothing to do with [Officer] O'Barto's conversation with Chad Workman[,]" but was instead offered to prove that he did not possess cocaine and that he had consented to a strip search at the scene of the stop. *Id.* at 13.

Even if Appellant is correct that he did not open the door to allow Officer O'Barto's testimony to come in, he has not convinced us that he suffered any prejudice as a result. Officer O'Barto's rebuttal testimony bolstered, rather than impeached, Appellant's testimony. The jury merely heard from Officer O'Barto what it had already heard from Appellant: that Chad Workman told Officer O'Barto that Appellant had cocaine in the vicinity of his testicles, and that Appellant denied possessing any cocaine. Appellant has again failed to meet his heavy burden of proving his entitlement to relief from this Court. *See*, *e.g.*, *Commonwealth v. Mosley*, ––– A.3d –––, 2015 WL 1774216 at *11 (Pa. Super. filed April 20, 2015) (holding no relief

---

[2] Appellant also argues on appeal that Officer O'Barto's testimony exceeded the scope of proper rebuttal. Appellant's Brief at 13-14. However, at trial Appellant raised only a hearsay objection. N.T., 10/7-8/2014, at 116. Accordingly, all bases for objection other than hearsay are waived. *Commonwealth v. Duffy*, 832 A.2d 1132, 1136 (Pa. Super. 2003) ("In order to preserve an issue for review, a party must make a timely and specific objection. … [A]n appellant may not raise a new theory for an objection made at trial on his appeal.").

was due where improperly-admitted evidence was cumulative, not unduly prejudicial, "and still resulted in a fair trial").

With his last issue, Appellant claims that the trial court erred in denying his motion to modify sentence. Appellant argues that the mandatory minimum sentence applied in his case, 18 Pa.C.S. § 7508, is unconstitutional. The trial court agreed with Appellant and opined that "a remand for resentencing without consideration of the mandatory minimum is necessary and appropriate." Trial Court Opinion, 1/23/2015, at 17.

Appellant and the trial court are correct: 18 Pa.C.S. § 7508 is unconstitutional on its face in light of ***Alleyne v. United States***, ––– U.S. –––, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); thus, its application in Appellant's case resulted in an illegal sentence. ***See Mosely***, 2015 WL 1774216 at *13-15; ***Commonwealth v. Thompson***, 93 A.3d 478 (Pa. Super. 2014); ***Commonwealth v. Fennell***, 105 A.3d 13 (Pa. Super. 2014). Accordingly, we vacate Appellant's judgment of sentence and remand for resentencing without application of the mandatory minimum.

Convictions affirmed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.

Prothonotary


Date:  7/16/2015