J-S67003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEFFREY STEVEN ALBUQUERQUE, | |
| Appellant | No. 391 MDA 2015 |

Appeal from the Judgment of Sentence December 18, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001010-2014

BEFORE: BOWES, PANELLA, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 14, 2015**

Jeffery Steven Albuquerque appeals from the judgment of sentence of twenty-four to forty-eight months imprisonment that the trial court imposed after Appellant tendered an open guilty plea to one count of possession of a controlled substance (heroin) with intent to deliver ("PWID"). Counsel has filed a petition to withdraw from representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant counsel's petition to withdraw and affirm.

The record reveals the following. During a routine traffic stop, Appellant was found in possession of forty-seven baggies of heroin that weighed approximately 1.2 grams. He admitted to police that he intended

---
\* Retired Senior Judge assigned to the Superior Court.

to sell the drugs in question. Appellant was charged with various drug offenses. Appellant filed an omnibus pretrial motion arguing that, due to *Alleyne v. United States*, __ U.S. __, 133 S.Ct. 2151 (2013), he could not be sentenced to a mandatory sentence applicable under 42 Pa.C.S. § 7508, which outlines various mandatory minimum sentences according to the weight of the drugs involved in a case and a defendant's prior drug trafficking convictions.[1] *See Commonwealth v. Vargas*, 108 A.3d 858 (Pa.Super. 2014) (*en banc*) (holding that 18 Pa.C.S. § 7508 is unconstitutional to the extent it imposes a mandatory minimum sentence based upon the weight of drugs possessed by a defendant); *see also Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015) (holding different mandatory minimum sentencing provision was unconstitutional under *Alleyne* and could not be made constitutional through severance). The Commonwealth opposed the motion, oral argument was held, and the matter was taken under advisement. No ruling was rendered on the motion.

On November 3, 2014, Appellant tendered an open guilty plea to one count of PWID. The matter proceeded to sentencing on December 18, 2014. The trial court offered Appellant an opportunity to withdraw his guilty plea, and Appellant declined. The court had the benefit of a pre-sentence report,

_____

[1] We note that the fact of a prior conviction invoking § 7508 would not conflict with *Alleyne*. *See Apprendi v. New Jersey,* 530 U.S. 466 (2000).

which revealed that Appellant had a prior record score of four and a significant history of drug offenses. The offense gravity score was seven, and the standard range of the sentencing guidelines called for a minimum sentence of eighteen to twenty-four months. 204 Pa.Code § 303.16 (basic sentencing matrix); *accord* N.T. Sentencing, 12/18/14, at 8. Appellant was sentenced in the standard range to twenty-four to forty-eight months imprisonment;[2] the mandatory sentence was not considered. Appellant filed the present appeal, and new counsel was appointed. As noted, counsel has moved to withdraw.

Since we do not consider the merits of an issue raised in an **Anders** brief without reviewing a request to withdraw, we first consider counsel's petition to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). In order to be permitted to withdraw, counsel must meet three procedural requirements: 1) petition for leave to withdraw and state that, after making a conscientious examination of the record, counsel has concluded that the appeal is frivolous; 2) provide a copy of the

---

[2] The trial court implied in its opinion that the sentence was outside the guidelines. Trial Court Opinion, 6/8/15, at 3. The ranges set forth in the guidelines are all minimum terms of incarceration. 204 Pa. Code § 303.8 ("Numeric sentence recommendations. All numbers in sentence recommendations suggest months of **minimum confinement** pursuant to 42 Pa.C.S. §9755(b)(partial confinement) and §9756(b)(total confinement.") (emphasis added). The sentencing matrix called for a standard range sentence of eighteen to twenty-four months. Hence, a minimum sentence of twenty-four months fell within the standard range of the guidelines.

*Anders* brief to the defendant; and 3) inform the defendant that he has the right to retain private counsel or raise, *pro se*, additional arguments that the defendant deems worthy of the court's attention. *Id*.

Counsel's petition to withdraw sets forth that she made a conscientious review of the record and researched the matter thoroughly and diligently. Counsel concluded that the matter was frivolous. Counsel informed Appellant that she was seeking to withdraw and furnished him with copies of both the petition to withdraw and *Anders* brief. Further, counsel told Appellant that he had the right to hire counsel or to represent himself by filing a *pro se* brief raising any issue that he believed to be meritorious. The letter to Appellant is appended to counsel's motion to withdraw. Accordingly, counsel has complied with the procedural aspects of *Anders*.

We must now examine whether counsel's *Anders* brief meets the substantive elements of *Santiago*. Pursuant to *Santiago*, an *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 361.

In her appellate brief, counsel has included a summary of the history of the case, including the relevant factual background. She has cited to the record and presents an issue regarding the discretionary aspects of the sentence, claiming that it is excessive. Counsel delineates case law that establishes that the issue in question is frivolous. Counsel's brief reports that after she "made a conscientious review of the record," she "believes that this appeal is wholly frivolous." Appellant's brief at 7. Thus, counsel's brief complies with **Santiago**.

The sole issue raised on appeal is that the sentence was excessive.[3] Initially, we observe that the issue in question was not preserved at sentencing or in a post-sentence motion and is therefore waived. As we noted in **Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa.Super. 2013) (citation and emphasis omitted), "Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by

_____

[3] The trial court incorrectly indicated in its opinion that this issue was waived because it was not included in Appellant's Pa.R.A.P. 1925(b) statement. Trial Court Opinion, 6/8/15, at 3. Counsel set forth in the statement that an **Anders** brief would be filed on appeal. Hence, the issue was not waived. Pa.R.A.P. 1925(c)(4) provides that, "In a criminal case, counsel may file of record and serve on the judge a statement of intent to file an **Anders/McClendon** brief in lieu of filing a Statement." Any issues raised in the brief will be considered by the appellate court. If, "upon review of the **Anders/McClendon** brief, . . . [it] believes that there are arguably meritorious issues for review, **those issues will not be waived**; instead, the appellate court may remand for the filing of a Statement, a supplemental opinion pursuant to Rule 1925(a), or both." Pa.R.A.P. 1925(c)(4)(emphasis added).

presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived."

Nevertheless, even if the issue had not been waived, counsel's assessment of its frivolity is correct. We observe that:

> [s]entencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Id*. at 937 (citation omitted). When a court has the benefit of a presentence report and sentences within the standard range of the sentencing guidelines, a sentence will not be considered excessive. *Id*. ("where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code"). Herein, the court explained that the sentence was premised upon the fact that Appellant had a prior drug dealing conviction from New Jersey and another one in this Commonwealth. The presentence report also indicated that Appellant was probably affiliated with a gang, which conclusion was supported by tattoos on his body. Thus, we concur with counsel's assessment that Appellant's challenge to the discretionary aspects of his sentence is frivolous.

Before permitting counsel to withdraw and affirming the judgment of sentence, we must also undertake an independent examination of the entire record and agree with counsel that there are no non-frivolous issues. *Commonwealth v. Goodwin*, 928 A.2d 287 (Pa.Super. 2007) (*en banc*); *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa.Super. 2014) ("We now must conduct an independent review of the record to determine whether the issues identified by [the defendant] in this appeal are, as counsel claims, wholly frivolous, or if there are any other meritorious issues present in this case.").

We have conducted an independent review of the record, and we agree that this appeal is wholly frivolous as there are no non-frivolous issues preserved for purposes of appeal. Accordingly, we permit counsel to withdraw and affirm the judgment of sentence.

Petition of Jena Piazza Braunsberg, Esquire, to withdraw as counsel is granted. Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/14/2015