J-S18033-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT CARL YEAGER, | : | |
| | : | |
| Appellant | : | No. 1097 MDA 2015 |

Appeal from the Judgment of Sentence May 27, 2015
in the Court of Common Pleas of York County,
Criminal Division, at No(s): CP-67-CR-0002953-2014

BEFORE:    BOWES, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:              **FILED APRIL 13, 2016**

Robert Carl Yeager (Appellant) appeals from the judgment of sentence entered following his conviction for rape of a child, kidnapping, burglary, indecent assault, terroristic threats, and corruption of minors.  We affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> In the early morning hours of June 24, 2013, officers from the Northern York County Regional Police were dispatched to a trailer park in Paradise Township, York County, in response to a report of a sexual assault. The victim, 7 year old, I.L., reported that earlier in the evening, an unknown man pulled her through her living room window, covered her eyes and mouth, carried her inside an unknown residence, and anally raped her. The man told I.L. that he would kill her mom, sister, and grandma if she reported him. Shortly thereafter, the man returned I.L. to her home, where she promptly woke up her grandmother and told her what just occurred.
>
> On July 5, 2013, I.L. positively identified tattoos belonging to [] Appellant from a photo line-up. On March 25, 2014,

_____
*Retired Senior Judge assigned to the Superior Court.

Detective Michael Hine received a DNA report confirming that DNA found recovered from sperm sample obtained from I.L.'s [rape kit] swabs was consistent with DNA taken from [] Appellant.

A jury trial was held from January 12 to January 14, 2015. The jury found [] Appellant guilty of [the aforementioned offenses].

Trial Court Opinion, 11/3/2015, at 1-2.

On May 27, 2015, Appellant was sentenced to an aggregate term of 28-to-58 years' incarceration. On June 25, 2015, Appellant timely filed a notice of appeal to this Court. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises three issues for our review.

1. Whether the Commonwealth failed to present sufficient evidence in order to convict Appellant of kidnapping, because the Commonwealth failed to prove beyond a reasonable doubt that Appellant was the individual who remove[d] the victim from her home?

2. Whether the Commonwealth failed to present sufficient evidence in order to convict Appellant of burglary, because the Commonwealth failed to prove that Appellant was the individual who entered the victim's residence with the intent of committing a crime?

3. Whether the trial court's sentence is illegal because [] it is based off of a mandatory minimum sentencing statute declared unconstitutional?

Appellant's Brief at 6 (suggested answers and footnote omitted).

- 2 -

Because Appellant's first two issues purport to challenge the sufficiency of the evidence presented to support his convictions, we address them together.

Appellant was convicted of, *inter alia*, kidnapping a minor and burglary. With respect to both offenses, Appellant argues that the evidence is insufficient to sustain his convictions because I.L. made a number of "conflicted and contradictory statements" during the course of trial that called into question her identification of Appellant. Appellant's Brief at 12.

It is well-established that a claim that a witness's testimony should not be credited by the fact-finder because it is inconsistent goes to the weight, not the sufficiency of the evidence. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 160 (Pa. Super. 2007) (holding that the jury should have believed Appellant's version of the event rather than that of the victim goes to the weight, not the sufficiency of the evidence); ***Commonwealth v. Wilson***, 825 A.2d 710, 713-14 (Pa. Super. 2003) (holding that review of the sufficiency of the evidence does not include an assessment of the credibility of testimony; such a claim goes to the weight of the evidence). Thus, Appellant's asserted sufficiency-of-the-evidence claim is, in fact, a weight-of-the-evidence claim.

A weight-of-the-evidence claim "must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Failure to properly preserve the claim will result in waiver, even

if the trial court addresses the issue in its opinion." ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012) (citations omitted). Appellant did not raise a weight of the evidence claim before the trial court in either a pre- or post-sentence motion, nor did he address the issue orally prior to sentencing. Accordingly, the claim is waived.[1]

---

[1] Assuming, *arguendo*, that Appellant's weight-of-the-evidence claim is not waived, it would not entitle him to relief.

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Trippett***, 932 A.2d 188, 198 (Pa. Super. 2007) (citations and quotations omitted).

Appellant assails the minor inconsistencies in the victim's testimony. However, reconciling inconsistencies in the testimony was within the province of the fact-finder. ***Commonwealth v. Simmons***, 662 A.2d 621, 630 (Pa. 1995) ("After examining the evidence in this case, we find that appellant's assertion that the inconsistencies in the witnesses' testimony rendered them incredible to have no merit since the inaccuracies claimed are only minor and a witness's credibility is solely for the [fact-finder] to determine."). Appellant has failed to convince us that the trial court abused its discretion in holding that the verdict was not against the weight of the evidence.

We note that even if Appellant had presented and preserved his sufficiency-of-the-evidence claims properly, he would not be entitled to relief.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.
>
> Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

**Commonwealth v. Harden**, 103 A.3d 107, 111 (Pa. Super. 2014) (internal quotation marks and citations omitted).

At trial, "the jury watched a previously recorded child services interview [with the victim] and heard testimony from the victim, the police, lab technicians, and sexual assault nurses." Trial Court Opinion, 9/3/2015, at

3. The victim's testimony, N.T., 1/13-14/2015, at 89-125, established that Appellant entered her home while she was sleeping, took her to his own home, and raped her in his bedroom. Importantly, the victim stated that the man who assaulted her was the same man who took her from her home. N.T., 1/13-14/2015, at 107. Further, the victim was able to identify her assailant based on his arm tattoos. *Id.* at 195. This evidence, which was believed by the factfinder, is sufficient to sustain Appellant's convictions. Accordingly, his challenge fails.

In his final issue, Appellant challenges the legality of the 20-to-40 year sentence imposed for his rape of a child conviction. Appellant's Brief at 22-23. Specifically, Appellant contends that his sentence is illegal because the mandatory minimum invoked by the Commonwealth was declared unconstitutional in light of *Alleyne v. United States*, 133 S. Ct. 2151 (2013), by this Court in *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014), appeal granted, 121 A.3d 433 (Pa. 2015).[2]

Our standard of review is as follows:

A challenge to the legality of a sentence … may be entertained as long as the reviewing court has jurisdiction. It is also well-established that [i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law[.] Our standard

---

[2] Instantly, Appellant admits that he did not raise this issue in his 1925(b) statement, Appellant's Brief at 6, n.1; however, "legality of sentence questions are not waivable and may be raised *sua sponte* by this Court." *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013).

of review over such questions is *de novo* and our scope of review is plenary.

***Wolfe***, 106 A.3d at 801-02 (citations omitted).

Our review of the record shows that, despite his protestations to the contrary, Appellant was not sentenced pursuant to any mandatory minimum provision. While it is true the Commonwealth timely filed notice of its intent to seek a mandatory minimum sentence under 42 Pa.C.S. § 9718(a)(3), the Commonwealth conceded at sentencing that this Court had "struck down" mandatory sentences in light of ***Alleyne*** and expressed its understanding that the mandatory could not be imposed. N.T., 5/27/2015, at 1-2. Further, there is nothing in the record, either at the sentencing hearing or in the sentencing order itself, to demonstrate that the trial court applied an illegal mandatory minimum sentence. Accordingly, Appellant's claim fails.

Judgment of sentence affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/13/2016