J-S88043-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| STEPHEN ANDREW STRASSBURG, | : | |
| | : | |
| Appellant | : | No. 587 EDA 2016 |

Appeal from the Judgment of Sentence September 3, 2015
in the Court of Common Pleas of Bucks County
Criminal Division, at No(s): CP-09-CR-0000929-2015

BEFORE: OLSON, RANSOM, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED FEBRUARY 17, 2017**

Stephen Andrew Strassburg (Appellant) appeals from the judgment of sentence entered September 3, 2015, after he was found guilty of, *inter alia*, driving under the influence of a controlled substance (DUI), 3rd offense. Upon review, we affirm.

The trial court set forth the relevant factual background of this case as follows.

> On October 5, 2014, around 10:30 p.m., Officer Daniele Leporace was on routine patrol in a marked vehicle in the area of Elm Street and Evergreen Street of Warminster Township. He observed a vehicle traveling at a very slow rate of speed and due to the number of thefts from vehicles in area, he became suspicious and followed the vehicle at a discreet distance. Based on his own speedometer, he determined that the vehicle was traveling only about 10 to 15 miles an hour in an area where the speed limit was 25 miles per hour. Officer Leporace observed that the license plate light was not functioning. Based on the suspicious manner of driving in an area with numerous vehicular

---

*Retired Senior Judge assigned to the Superior Court.

thefts from vehicles, and the fact that the license plate was not illuminated, Officer Leporace stopped the vehicle. While speaking to [] Appellant, Officer Leporace noticed that [] Appellant's eyes were glassy, and his pupils were dilated and did not react to light in a way that he, as a former trained EMT, determined [to be] appropriate. These were indicators that [] Appellant was possibly under the influence.

Appellant admitted taking his prescription for [o]xycodone earlier that night. [] Appellant was asked to step out of the vehicle and the Officer instructed [] Appellant to perform three field sobriety tests, and [he] failed all three of them. After failing the tests, Appellant was transported to the hospital and submitted to a blood test. The results showed [] Appellant had 435 nanograms per milliliter of [o]xycodone in his system.

Dr. Thomas Brettell, who was qualified as an expert toxicologist, testified that the amount [] Appellant had in his blood stream was four times the prescribed medication. In Dr. Brettell's opinion, that amount of [o]xycodone in someone's system could kill a person and certainly impair someone's driving.

[On August 5, 2015, following a jury trial, Appellant was found guilty of, *inter alia*, the aforementioned crime and] sentencing was held on September 3, 2015. [] Appellant was sentenced on [count one, DUI, to] not less than two (2) years nor more than five (5) years' incarceration at a state correctional institution, and to pay costs and fines. On [count three, operating a vehicle with no rear lights,] he was ordered to pay costs plus statutory fines, and on [count four, driving while operating privileges are suspended or revoked,] he was sentenced to ninety (90) days [of] incarceration at a state correctional institution and a [$1,000] fine, which was to be served consecutively to [c]ount [o]ne.

Trial Court Opinion, 4/1/2016, at 1-3.

Appellant filed a post-sentence motion on September 10, 2015, requesting the trial court to modify his sentence. Specifically Appellant requested the trial court to reconsider the length of his sentence, namely the

imposition of consecutive versus concurrent sentences, and requested the opportunity to present "additional information and reflections" to the trial court. Motion to Modify/Reconsider Sentence, 9/1/2015, at 1 (unnumbered). A hearing was held, and the motion was subsequently denied. This timely-filed appeal followed, wherein Appellant presents the following inartfully phrased issues for our review.[1]

> [1.] Whether the Commonwealth failed to meet its burden in that the driving behavior exhibited by Appellant did not prove beyond a reasonable doubt that Appellant was under the influence of drugs to such a degree that he was rendered incapable of safely driving and/or operating a motor vehicle.
>
> [2.] Whether the Commonwealth failed to meet its burden in that the expert testimony presented by Thomas A. Brettel, PH.D., did not prove beyond a reasonable doubt that Appellant was under the influence of drugs to such a degree that he was rendered incapable of safely driving and/or operating a motor vehicle.
>
> [3.] Whether the trial court abused its discretion by not considering factors already contemplated by the available sentencing guidelines and sentencing Appellant outside the standard range of the sentencing guidelines.

Appellant's Brief 5-6 (unnecessary capitalization omitted).

Appellant's first two issues challenge the sufficiency of the evidence to sustain his DUI conviction. Accordingly, we bear in mind the following.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the

---

[1] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

- 3 -

crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) (internal quotation marks and citations omitted).

To be found guilty of driving under the influence of a controlled substance, it must be proven that an individual is under the influence of a controlled substance to a "degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." 75 Pa.S.C. § 3802(d)(2). "This section does not require proof of a specific amount of a drug in the driver's system. It requires only proof that the driver was under the influence of a drug or combination of drugs to a degree that the ability to drive is impaired." *Commonwealth v. Tarrach*, 42 A.3d 342, 345 (Pa. Super. 2012)

Instantly, Appellant contends that the Commonwealth failed to prove Appellant was under the influence of his prescribed medication, oxycodone, to such a degree that it impaired his ability to drive safely. Appellant's Brief at 15. His argument is as follows:

> The only driving behavior observed was that Appellant was traveling slightly slower than the posted speed limit in a residential neighborhood. There was no other erratic driving behavior. There were no other cars on the road and, therefore, traffic was in no way inhibited. In fact, the officer observed Appellant complying with the traffic laws when he signaled before making a turn. The Commonwealth, therefore, did not produce any credible direct or circumstantial evidence of driving under the influence and, as such, Appellant's conviction must be reversed.

*Id.*

Notably, Appellant ignores the fact that Officer Leporace administered three sobriety tests, all of which Appellant failed. N.T., 8/5/2015, at 15-22. This alone is sufficient to find that Appellant was incapable of driving safely. *See Commonwealth v. Mobley*, 14 A.3d 887, 890 (Pa. Super. 2011) ("The Commonwealth may prove that a person is incapable of safe driving through the failure of a field sobriety test.") (citation omitted). Furthermore, Appellant ignores the undisputed testimony that Officer Leporace observed Appellant's "eyes to be dilated and glassy, and they were unreactive to [the officer's] flashlight." N.T., 8/5/2015, at 11. Appellant appeared nervous, and upon exiting the vehicle at the officer's request, Appellant "lost his balance and used his vehicle to push off it and to correct himself." *Id.* at

13-14. *See Commonwealth v. Griffith,* 32 A.3d 1231, 1240 (Pa. 2011) ("An experienced police officer closely observed [defendant's] behavior, demeanor, unsteadiness, and inability to perform field sobriety tests, all of which led him to request laboratory tests for the detection of controlled substances in [defendant's] blood. [Defendant] admitted taking one prescription medication in the morning of the day of her arrest. Two other Schedule IV controlled substances, to wit, Valium and an active metabolite thereof, were detected in her blood. The Commonwealth's evidence was sufficient to establish, beyond a reasonable doubt, that [defendant] violated subsection 3802(d)(2)."). *See also Commonwealth v. Palmer*, 751 A.2d 223, 228 (Pa. Super. 2000) (Affirming a defendant's conviction of driving under the influence of alcohol we noted that "a police officer who has perceived a defendant's appearance and acts is competent to express an opinion as to the defendant's state of intoxication and ability to safely drive a vehicle. Given the officer's training, experience and observations, the evidence submitted by the Commonwealth was sufficient to sustain [defendant's] DUI conviction.") (citation omitted).

Although we find the evidence presented was sufficient to sustain Appellant's conviction based upon Appellant's failed field sobriety tests and Officer Leporace's observations, we briefly address Appellant's second issue, concerning Dr. Brettel's testimony. In his brief Appellant sets forth the following argument:

Once again, in the present matter, the Commonwealth has failed to establish that Appellant was under the influence of his *prescribed* [o]xycodone to a degree that impaired his ability to safely drive. Appellant is not arguing that expert testimony was necessary to prove his guilt, as [] implied in the [trial court's opinion]. On the contrary, Appellant is asserting that Dr. Brettel's testimony about patients developing a tolerance to prescribed medication. The Commonwealth, therefore, did not produce any credible direct or circumstantial evidence of driving under the influence and, as such, Appellant's conviction must be reversed.

Appellant's Brief at 18. (italics in the original; citation omitted).

First, we note Appellant's "argument" is essentially non-existent, and his failure adequately to develop his issue impedes our ability to address it. Nonetheless, a review of the entirety of Appellant's brief reveals that he is attempting to argue that because Dr. Brettel acknowledged that individuals can develop a tolerance to prescribed medication over time, Dr. Brettel's testimony was insufficient to establish that Appellant was incapable of safely driving. *Id.* at 12.

At trial, Dr. Brettel did acknowledge that an individual may develop a tolerance to prescribed medications over time. N.T., 8/5/2015, at 65-66. However, Dr. Brettel also testified that the amount of oxycodone found in Appellant's blood was four times the therapeutic level, and in his opinion, a person with that amount in his system, even if he had built up a tolerance, would not be able to function normally. *Id.* at 64-66. Specifically, Dr. Brettel testified that an individual with that level of oxycodone in his or her blood "would not be able to drive safely. They should not be on the road, in

my opinion. It would impair their ability to operate the motor vehicle safely, on how to react, to stop in case, you know, of an oncoming car or something like that. They would be very slow to react to that." ***Id.*** at 66.

Here, Appellant attempts to dispute the testimony of Dr. Brettel by focusing solely on one part of his testimony. Such a position merely attacks the credibility determinations of the fact-finder, not the sufficiency of the evidence, and urges us to consider the evidence in the light most favorable to him, rather than the verdict winner. No relief is due.

Based upon the foregoing, we cannot agree with Appellant that the evidence presented was so unreliable or speculative as to preclude a finding of guilt. Accordingly, Appellant's sufficiency of the evidence challenge fails*.*

Appellant's final issue challenges the discretionary aspects of his sentence.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.
>
> > Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely [filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Disalvo*, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

The record reflects that Appellant timely filed a notice of appeal and a motion for reconsideration of his sentence. However, Appellant has failed to include in his brief a statement pursuant to Pa.R.A.P. 2119(f),[2] and the Commonwealth has objected to this omission. Commonwealth's Brief at 22. Appellant, therefore, has waived this issue. *See Commonwealth v. Roser*, 914 A.2d 447, 457 (Pa. Super. 2006) ("A failure to include the Rule 2119(f) statement does not automatically waive an appellant's [discretionary aspects of sentencing] argument; however, we are precluded from reaching the merits of the claim when the Commonwealth lodges an objection to the omission of the statement.") (quoting *Commonwealth v. Love*, 896 A.2d 1276, 1287 (Pa. Super. 2006)).

In the alternative, this Court could find Appellant's issue waived for failing to raise it during sentencing or in his post-sentence motion. *See Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015) (holding discretionary aspects claims not raised at sentencing or in a post-sentence

---

[2] *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting *Commonwealth v. Mouzon,* 571 Pa. 419, 435, 812 A.2d 617, 627 (Pa. 2002)) ("An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate 'the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process.'").

motion are not subject to our review, even if raised in 1925(b) statement and addressed in the trial court's 1925(a) opinion).

Accordingly, after a review of the briefs, record, and applicable case law, we are not persuaded that any of Appellant's issues warrants relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 2/17/2017