J-S12040-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| AARON J. SIMS | : | |
| | : | |
| Appellant | : | No. 1695 EDA 2023 |

Appeal from the Judgment of Sentence Entered April 28, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006313-2021

BEFORE:  DUBOW, J., SULLIVAN, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED MAY 14, 2024**

Appellant, Aaron J. Sims, appeals from the aggregate judgment of sentence of 7 to 14 years' incarceration, imposed after he entered a non-negotiated guilty plea to homicide by vehicle while driving under the influence (DUI) and related offenses.  On appeal, Appellant's counsel, George S. Yacoubian, Esq., states that there are no, non-frivolous issues that Appellant can raise and, thus, counsel seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we deny counsel's petition to withdraw and issue instructions.

Briefly, Appellant's convictions stemmed from the fact that

[o]n January 25, 2020, decedent Chloe Robertson was in an Uber when her vehicle was rear-ended by [Appellant's] vehicle.  Ms. Robertson was killed in the collision, and the driver and third occupant [of the vehicle] were seriously injured.  [Appellant's] toxicology revealed [Tetrahydrocannabidiol (THC), a terpenoid

found in cannabis,] and a blood-alcohol content twice the legal limit.

***Anders*** Brief at 5.

"After an arrest warrant was issued, [A]ppellant eluded apprehension, but U.S. Marshals[,] with the help of Camden Police[,] were finally able to locate and apprehend him a year later." Commonwealth's Brief at 3 (citation to the record omitted). On March 3, 2023, Appellant entered an open guilty plea to homicide by vehicle while DUI, 75 Pa.C.S. § 3735(a)(1)(i); homicide by vehicle, 75 Pa.C.S. § 3732(a); involuntary manslaughter, 18 Pa.C.S. § 2504(a); DUI (highest rate), 75 Pa.C.S. § 3802(c); three counts of recklessly endangering another person, 18 Pa.C.S. § 275; and two counts each of aggravated assault by vehicle while DUI, 75 Pa.C.S. § 3735.1(a); aggravated assault by vehicle, 75 Pa.C.S. § 3732.1(a); and simple assault, 18 Pa.C.S. § 2701(a). On April 28, 2023, the trial court sentenced him to a mandatory-minimum term of 3 to 6 years' incarceration for his conviction of homicide by vehicle while DUI, and two consecutive terms of 2 to 4 years' incarceration for each of his two convictions of aggravated assault by vehicle while DUI. Appellant's other convictions either merged for sentencing purposes, or the court imposed no further penalty. Therefore, his aggregate sentence is 7 to 14 years' incarceration.

Appellant, via Attorney Yacoubian, filed a timely motion for modification of his sentence, which the court denied. Attorney Yacoubian then filed a timely notice of appeal on Appellant's behalf, and counsel also complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors

- 2 -

complained of on appeal. Therein, Attorney Yacoubian stated three issues that he intended to raise on appeal:

> 1. [Appellant's] aggregate sentence of 7-14 years' incarceration was unduly excessive when weighed against the Commonwealth's original offer of 6-12 years' incarceration;
>
> 2. [Appellant's] aggregate sentence of 7-14 years' incarceration was contrary to the utilitarian goals of punishment: specific and general deterrence, incapacitation, and rehabilitation.
>
> 3. [Appellant's] 2-4-year[,] consecutive sentence for aggravated assault [for] victim Daniel Charles was unduly excessive, as Mr. [Charles] failed to appear for sentencing, declined to submit a victim impact letter, and is a named Defendant in a civil suit for the underlying incident.

Pa.R.A.P. 1925(b) Statement, 7/12/23, at 1 (unnumbered; brackets added by Appellant omitted).

On October 31, 2023, Attorney Yacoubian filed with this Court a petition to withdraw and an *Anders* brief. Notably, there is no indication in either of those documents that Attorney Yacoubian provided these documents to Appellant. *See Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (providing that counsel must provide a copy of the petition to withdraw and *Anders* brief to the appellant). Additionally, Attorney Yacoubian failed to attach to the petition to withdraw or *Anders* brief a letter to Appellant informing him of his right to retain new counsel to pursue the appeal, proceed *pro se* on appeal, or raise any additional points that Appellant deems worthy of this Court's attention in addition to the points raised by Attorney Yacoubian in the *Anders* brief. *See Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa. Super. 2014) ("Counsel also must provide a copy of the *Anders* brief to

- 3 -

the appellant. Attending the brief must be a letter that advises the appellant of his or her right to (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the **Anders** brief.") (internal citations and quotation marks omitted); **Commonwealth v. Millisock**, 873 A.2d 748, 752 (Pa. Super. 2005) (opining that the prudent course is to require counsel to attach to the petition to withdraw a copy of the letter sent to the client advising of his or her rights).

Accordingly, on December 12, 2023, this Court entered an order directing Attorney Yacoubian to provide Appellant with a copy of the petition to withdraw as counsel, **Anders** brief, and a letter advising Appellant of his rights. Counsel was ordered to file written notice in this Court demonstrating that counsel complied. Additionally, in light of the fact that Attorney Yacoubian failed to attach to the petition to withdraw a copy of the letter advising Appellant of his rights, the order directed counsel to provide this Court with seven (7) copies of the letter.

On December 12, 2023, Attorney Yacoubian filed a one-page response, consisting of a copy of the letter advising Appellant of his rights. Nothing in that letter indicates that Attorney Yacoubian sent a copy of his petition to withdraw and **Anders** brief to Appellant. Therefore, counsel has not only failed to comply with the requirements for withdrawal, but he has also disregarded the directives that this Court set forth in our December 12, 2023 order.

Consequently, we must deny counsel's petition to withdraw. In **Wrecks**, we explained:

Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….

**Anders** counsel **must also provide a copy of the Anders petition and brief to the appellant**, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

**If counsel does not fulfill the aforesaid technical requirements of Anders, this Court will deny the petition to withdraw and remand the case with appropriate instructions** (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

**Wrecks**, 931 A.2d at 720-21 (citations omitted; emphasis added). Here, Attorney Yacoubian has not demonstrated that he provided a copy of his **Anders** brief and petition to withdraw to Appellant, thus warranting our denial of his request to withdraw.

Our denial of counsel's withdrawal request is further necessitated by the fact that Attorney Yacoubian's **Anders** brief is inadequate. Although counsel raised three sentencing issues in Appellant's Rule 1925(b) statement, Attorney Yacoubian's entire argument in his **Anders** brief is as follows:

**1. There are no non-frivolous issues that support an appeal.**

After a thorough review of all available documents and materials, counsel believes that [the trial court's] sentence was legal and

that [the court] was within [its] discretion to sentence [Appellant] to 7-14 years' incarceration[.] ***Commonwealth v. Akhmedov***, 216 A.3d 307 (2019). Prior to entering the open plea, [Appellant] rejected a negotiated sentence of 6-12 years' incarceration. [Appellant] had lengthy communications with counsel regarding the advantages and disadvantages of an open versus negotiated plea, was appropriately colloquied about the risks and benefits of an open (non-negotiated) plea [(N.T.,] 3/3/23, pages 8-9[)], understood he would receive at least the mandatory minimum of 3-6 years' incarceration [(***Id.*** at] … 11-12[)], and ple[d] guilty knowingly, intelligently, and voluntarily.

**2. Counsel should be permitted to withdraw.**

As there are no non-frivolous issues to be raised on appeal[,] ***Anders***[,] … 386 U.S. 738; … ***Santiago***, 978 A.2d 349…, undersigned counsel requests that he be allowed to withdraw.

***Anders*** Brief at 7 (brackets added by Appellant omitted; one citation to the record omitted).

Attorney Yacoubian offers no specific discussion of the claims set forth in Appellant's Rule 1925(b) statement, or any explanation as to why those sentencing issues are frivolous. Therefore, we cannot conclude that he has met the requirements for withdrawal under ***Anders***/***Santiago***. ***See Santiago***, 978 A.2d at 361 ("[I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.").

Accordingly, we deny Attorney Yacoubian's petition to withdraw and issue the following instructions. **Within 30 days of the filing date of this memorandum**, counsel is directed to either file an advocate's brief on Appellant's behalf, or a new petition to withdraw and ***Anders*** brief that fully addresses Appellant's sentencing claims and explains why they are frivolous. Counsel must attach to his ***Anders*** brief a letter that advises Appellant of his right to (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that Appellant deems worthy of our attention, in addition to the points raised by counsel in the ***Anders*** brief. ***See Harden***, 103 A.3d at 110. Attorney Yacoubian must demonstrate to this Court that he has provided this letter to Appellant, along with copies of his petition to withdraw and ***Anders*** brief.

Petition to withdraw denied. Jurisdiction retained.